THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY J. Moss and JAMES K. O'CONNOR, Relators, *v.* BOARD OF SUPERVISORS OF ONEIDA COUNTY, Respondent.

Fourth Department, May 23, 1917.

**Public officers — removal of county officer by Governor — costs of defense — County Law, section 240, construed.**

The provisions of section 240 of the County Law making the reasonable cost and expense in proceedings before the Governor for the removal of a county officer upon charges a county charge only applies where the county officer has made a successful defense to the charges against him.

Where the proceeding results in the removal of a county officer by the Governor for official misconduct, he is not entitled to charge the costs of his defense against the county.

CERTIORARI issued out of the Supreme Court, directed to Board of Supervisors of Oneida county, commanding them to certify and return to the office of the clerk of the county of Oneida all and singular their proceedings had in disallowing the claim of Harry J. Moss, late sheriff of Oneida county, and James K. O'Connor, his counsel, the relators herein, for the reasonable costs and expenses incurred by said Moss in proceedings before the Govenor for his removal from the office of sheriff upon charges preferred against him.

*George C. Morehouse,* for the relators.

*H. N. Harrington, County Attorney,* for the respondent.

PER CURIAM:

Pursuant to section 1 of article 10 of the Constitution in proceedings for that purpose Harry J. Moss, one of the relators, was removed from the office of sheriff of Oneida county by the Governor for official misconduct on or about December 22, 1915. Subsequently, and on or about the 5th day of February, 1916, the relators presented to the defendant a verified claim for the costs and expenses of the relator Moss in such proceedings for his removal from office. On or about February 10, 1916, such claim was rejected by the comptroller of the county of Oneida. On or about May 12, 1916, such claim was disallowed by the defendant upon the ground that

the same was not a legal charge against the county. Thereupon the relators procured the writ of certiorari pursuant to which we have before us for review the proceedings of the defendant rejecting the claim of the relators.

Section 240 of the County Law (Consol. Laws, chap. 11; Laws of 1909, chap. 16) declares and defines what shall be county charges. Upon subdivisions 16 and 18 of such section the relators founded their claim for the costs and expenses which have been denied to them.

In subdivision 16 of section 240 of the County Law the following are declared to be county charges: " The reasonable costs and expenses in proceedings before the Governor for the removal of any county officer upon charges preferred against him, including the taking and printing of the testimony therein."

This provision of the County Law originated in, and is a slight modification of a part of the Supply Bill passed by the Legislature of 1874, of which the following is a copy:

" For William C. Randall, sheriff of Clinton County, in full for disbursements incurred by him on account of charges preferred against him to the Governor, by whom after investigation of the same they were dismissed, the sum of one thousand dollars.

" Hereafter in all proceedings before the Governor for the removal of any county officer upon charges preferred against him, all the costs and expenses thereof, including those of taking and printing the testimony therein, shall be a county charge upon such county, and shall be audited and allowed by the board of supervisors of such county and be included in their next annual assessment roll made thereafter, and shall be assessed, levied and collected as other county charges, and paid over to the party or parties entitled thereto by the county treasurer thereof." (Laws of 1874, chap. 323, p. 388; revised by former County Law [ Gen. Laws, chap. 18; Laws of 1892, chap. 686], § 230, subd. 16.)

It will be seen from the foregoing that the legislation authorizing the allowance of costs and expenses in such proceedings for the removal of county officers was enacted in connection with the allowance by the Legislature of such costs and expenses in a case where the county officer had

made a successful defense to the charges made against him. Our attention has been called to no case where a county officer who has been removed by the Governor upon charges made against him for official misconduct has been allowed the costs and expenses incurred by him in the proceedings for his removal. While the language of the provision of the County Law in question is susceptible of the construction sought to be placed upon it by the relators, we think that in view of the origin of the provision and its history it could not have been the intention of the Legislature to clothe boards of supervisors with authority to allow a person removed by the Governor from a county office for misconduct the expenditures incurred by him in his effort to retain the office which he had forfeited by reason of his misconduct. We believe that the allowance of a claim for such expenditures would be against public policy.

We think that it is too plain for argument that the relators' claim cannot be sustained under subdivision 18 of section 240 of the County Law.

It follows that the determination of the defendant should be confirmed and the writ dismissed, with fifty dollars costs and disbursements against the relators.

All concurred; DE ANGELIS, J., not sitting.

Determination of the board of supervisors confirmed and writ dismissed, with fifty dollars costs and disbursements against the relators.