In the Matter of the Application of ANDREW H. HISCOX, as Town Superintendent of Highways of the Town of Greenport, Columbia County, New York, Petitioner, for a Certiorari Order against RICHARD HOLMES, as Supervisor and Presiding Officer of Such Town Board, and Others, Respondents.

Third Department, January 19, 1934.

*Herzberg & Garrison* [*R. Waldron Herzberg* of counsel], for the petitioner.

*Coffin, Coffin & Inman* [*George C. Inman* of counsel], for the respondents.

*John J. Bennett, Jr., Attorney-General* [*F. R. Chant, Assistant Attorney-General*, of counsel], *amicus curiæ.*

Hill, P. J. The action of the town board of the town of Greenport in auditing and disallowing a claim for attorneys' services is presented for review by an order of certiorari. The claim was first audited and allowed. Later, the board adopted the following resolution: " On motion that the action of the said Town Board in auditing bill of Town Supt. of Highways for $450.00 for reimbursements for legal expenses be rescinded, and that the said bill be rejected because of the opinion of the Director of the Bureau of Municipal Accounts, in the Comptroller's office." The attorneys were employed in a matter decided in this court (*Matter of Hiscox* v. *Holmes,* 237 App. Div. 240), in which the supervisor and town board, misconstruing subdivision 4 of section 47 of the Highway Law, took the unwarranted position that the town superintendent of highways was not permitted to select the persons he would employ in connection with performing the duties of his office, and sought to require that he submit the names of those whom he proposed to employ to the town board for approval. In furtherance of this attempted encroachment upon the superintendent's prerogatives, the supervisor refused to honor orders for wages given by the superintendent to men who had worked on the highways under his employment. On the appeal in the earlier case some of the orders were approved, others disallowed, not on the grounds above stated, but because the agreement between the town board and the superintendent as to the places and manner of expenditure of certain of the highway funds had not been entered into, as required by section 105 of the Highway Law. The duties of the town superintendent of highways generally are the maintenance and repair of the highways and bridges, including the opening of highways obstructed by snow and the cutting of weeds within their bounds. In the discharge of these duties, he is permitted and required to employ laborers. An incident of employment is payment.

The town would receive benefit by the proper maintenance of its highways. This can be accomplished only if the superintendent's proper orders for expenses are honored by the supervisor. The refusal of the supervisor made it necessary to employ attorneys. The expense thereof is a proper town charge. (Town Law, § 170, subd. 2.) The regularly employed town attorney was not available, because responsive to the direction of the supervisor. The authority cited by the Department of Audit and Control of the State (*Rockefeller* v. *Taylor,* 69 App. Div. 176) is distinguishable. There the expenses were incurred in defending the acts of town officials which were held to be grossly negligent and actuated by " bad faith and malice." It has been determined that the employment of an attorney is

proper where the disbursing officials of a city trespassed upon the prerogatives of another department and curtailed its powers. (*Matter of Fleischmann* v. *Graves*, 235 N. Y. 84, 90.) It has been determined here that the supervisor and town board trespassed upon the town superintendent's prerogatives and sought to curtail his powers. The regularly employed town attorney being unavailable, the town superintendent had implied authority to engage counsel, even if no statutory authority existed. (*Judson* v. *City of Niagara Falls*, 140 App. Div. 62; affd., 204 N. Y. 630.) Certiorari is the proper remedy, as the town board had audited and disallowed the claim. (*New York Catholic Protectory* v. *Rockland County*, 212 N. Y. 311.) No question is raised as to the value of the services.

The determination of the town board should be annulled and the bill allowed at the amount claimed, with fifty dollars costs and disbursements.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Determination annulled, with fifty dollars costs and disbursements, and claim of $450 allowed.