DONALD W. LEO et al., Respondents, v AARON BARNETT, as Supervisor of the Town of Babylon, et al., Appellants.

Second Department, June 30, 1975

*Joseph F. Klein, Town Attorney (Hugh J. Leitch* of counsel), for appellants.

*Donald W. Leo,* respondent *pro se* and for Edward A. Baker, respondent.

HOPKINS, J. The respondents, attorneys at law, sue the Town of Babylon and the members of its town board to recover the value of legal services rendered to Frank Galli, Jr., the assessor of the town, and to Stephen Feig, Robert Sweeney, Lylian Brennan, Jerome D'Amaro and Grace Barone, the members of the Board of Assessment Review of the town. The legal services were performed by the respondents in successfully representing the assessor and the members of the board in an article 78 proceeding brought by them for reinstatement after the town board had removed them from their offices. The Special Term granted summary judgment in favor of the respondents, holding that under the rule of *Cahn v*

*Town of Huntington* (29 NY2d 451) the respondents were entitled to be paid for the value of their services rendered to the town officers restored to office as a result of their representation. We reverse and grant summary judgment in favor of the appellants, dismissing the complaint. In the absence of express statutory authority, a municipality is not liable for the payment of the value of legal services rendered to a municipal officer who successfully sues to be reinstated after wrongful removal from office.

The facts are undisputed. After appointment to their respective offices, the respondents' clients were removed from office by resolution of the town board. Thereafter, as the result of a proceeding under CPLR article 78, the resolution was annulled and their clients restored to office by the Supreme Court, Suffolk County. That determination was affirmed by us *(Galli v Barnett,* 42 AD2d 840, mot for lv to app den 33 NY2d 516).

The respondents then filed vouchers with the town for payment of their legal services performed in that litigation. The town did not approve the vouchers and the respondents instituted this action. The appellants interposed an answer claiming laches and the defense of the Statute of Limitations.* The respondents moved for summary judgment. The Special Term granted the motion, directing that an assessment be held to determine the damages due to the respondents.

The issue before us is, accordingly, whether attorneys representing a public officer wrongfully ousted from office can recover for their services in successfully obtaining the reinstatement of the public officer. We think that in this context the attorneys are in no different position from their clients as public officers—that is, the attorneys may not recover if the public officers could not be reimbursed by the municipality for the expense of counsel fees incurred in defense of their offices. Without a statute expressly providing for indemnity of a public officer for such expenses, the municipality is not liable for its payment (see *Matter of Chapman v City of New York,* 168 NY 80; *Matter of Kilroe v Craig,* 208 App Div 93, affd 238 NY 628; *Fallon v Wright,* 82 App Div 193). In *Matter of Chapman,* for example, it was held that to construe a statute so as to permit payment to a public officer of legal fees for

---

* In view of our disposition on the question of liability, we do not consider these defenses.

services rendered on his behalf in successfully resisting removal from office prior to the enactment of the statute would be unconstitutional, on the ground that it would be a gift of public moneys. "His defense was for his own benefit, not for the benefit of the city" *(Matter of Chapman v City of New York, supra,* p 88).

Thus, it is clear that at common law the public officer contested his ouster at his own expense, no matter what might be the baseless character of the attack. In some areas, by statute, reimbursement of the officer for his expense out of the public purse has been authorized (see, e.g., *Gavin v Board of Supervisors of Rensselaer County,* 221 NY 222 [County Law]; *Matter of Deuel v Gaynor,* 141 App Div 630 [City of New York]). Even then, the statute is narrowly interpreted in favor of protecting the municipality from claims beyond the obvious intent of the statutes to indemnify the officer from unwarranted assaults on his office (cf. *Matter of Guarino v Anderson,* 259 NY 93; *Buckley v City of New York,* 264 App Div 116, affd 289 NY 742; *People ex rel. Moss v Board of Supervisors of Oneida County,* 178 App Div 716, app dsmd 221 NY 367).

No statute is cited to us which allows counsel fees to a town officer who defeats an attempt to remove him from office. Certain it is that section 77 of the Civil Service Law does not, for that statute affords only the recovery of the compensation which was lost as the result of an unlawful removal. Counsel fees incurred by the officer may not be recovered under this and related sections of the Civil Service Law *(Manko v City of Buffalo,* 296 NY 905; *Fallon v Wright,* 82 App Div 193, *supra).*

The Special Term held in favor of the respondents under the aegis of *Cahn v Town of Huntington* (29 NY2d 451, *supra).* In *Cahn,* an attorney was retained to represent the Planning Board of the Town of Huntington in a dispute with the town board over the extent of the control of the town board regarding the operation of the staff of the planning board and the selection of its chairman. The Court of Appeals directed recovery of legal fees to the attorney because the planning board possessed "implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its * * * official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from acting" *(supra,* p 455).

There is, of course, no issue here of the extent of the powers

or duties of a public officer or board. Thus, *Cahn* does not reach the question of payment of expenses incurred by a public officer as the result of a wrongful ouster. Nor do the other cases cited by the respondents to support recovery reach that question *(Matter of Fleischmann v Graves,* 235 NY 84; *Matter of Hiscox v Holmes,* 239 App Div 602). In *Matter of Fleischmann* the dispute between the board of education and the City Council of Buffalo concerned the question of their respective powers over estimates submitted by the board; in *Matter of Hiscox* the dispute related to the power of the Town Superintendent of Highways to select personnel beyond interference by the town board.

We conclude, therefore, that absent statutory authority expressly permitting the payment of counsel fees, a public officer or his attorneys may not recover for such counsel fees in successfully opposing his removal from office. The risk of defense and its attendant expense are the personal burden of the officer, not to be laid at the door of the municipality, unless the Legislature directs that the burden shall be assumed by the municipality.

The order granting summary judgment to the respondents should accordingly be reversed, and summary judgment granted in favor of the appellants dismissing the complaint (CPLR 3212, subd [b]).

RABIN, Acting P. J., MARTUSCELLO, COHALAN and MUNDER, JJ., concur.

Order of the Supreme Court, Suffolk County, dated November 15, 1974, reversed, on the law, without costs; plaintiffs' motion for summary judgment denied, and defendants' cross application for summary judgment granted.

