BARBARA SUE (DRENNEN) ORNDORFF

*v.*

WEST VIRGINIA DEPARTMENT OF HEALTH,

*et al., etc.*

(No. 14641)

Decided March 18, 1980.

Rehearing Denied July 10, 1980.

*Keith H. Gordon* for petitioner.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Assistant Attorney General, for respondents.

MILLER, JUSTICE:

In this original mandamus proceeding, we answer several questions that arise from our decision in *Drennen v. Department of Health*, 163 W.Va. 185, 255 S.E.2d 548 (1979). There, we concluded that Ms. Drennen had been denied civil service employment because of overt political discrimination and awarded her a back pay differential and attorney fees.[1]

In the interim, Ms. Drennen married and is now Mrs. Orndorff. Her case on remand became entangled in controversy as she and the Department of Health could not agree on the beginning date for computing her back pay differential. A further issue arose as to the right to attorney fees for legal services rendered on the appeal to this Court.

The Civil Service Commission fixed the beginning date for the calculation of the back pay differential as December 23, 1977. This date was based on the premise that it was then that Mrs. Orndorff was notified that she would not be accepted for employment. The Commission's current position is that a more appropriate date is December 1, 1977. This date was established by a personnel officer of the Department of Health, who, using the personnel records of other employees to establish a general time lapse in hiring, testified by deposition that this would have been the earliest date Mrs. Orndorff could have been hired following her interview on November 3, 1977. It was shown that approximately one month is required for the normal processing of requisite person-

---

[1] Ms. Drennen in her earlier case had asked that she be awarded the difference between what "she would have earned had she been employed by the Department of Health less the amount she earned from her self-attained employment." *Drennen v. Department of Health*, 163 W.Va. 185, 255 S.E.2d 548, 552 (1979). Without any discussion of this point, we found the request reasonable.

nel records from the date of the decision to hire to the actual commencement date of employment.

Mrs. Orndorff asserts that November 3, 1977, is the proper beginning date for calculating back pay, since this was the date of her final interview and that, absent the improper intervention, she would have been accepted for employment on that date. She also objects to the use of the deposition to establish personnel procedures on the basis that this evidence could have been introduced at the original hearing before the Civil Service Commission. We disagree with her objection to the use of the deposition, since the original civil service hearing centered on the propriety of the refusal to hire her. It was not until we decided this issue in her favor in *Drennen* that the question of her right to the back pay differential arose, and it was for further development of this issue that we remanded the case.[2]

There is little question that, under ordinary civil service personnel procedures, once the appointing authority determines to hire an individual an administrative delay occurs in processing the appropriate records. As a consequence, the beginning date for employment is ordinarily not the date of the decision to hire. We, therefore, believe that the correct date for commencing the back pay calculation is December 1, 1977, and that both the Commission's date of December 23, 1977, and Mrs. Orndorff's date of November 3, 1977, are in error.

The attorney fee issue is somewhat more complex. The Department of Health argues that since the attorney obtained by Mrs. Orndorff was affiliated with a publicly funded legal services organization, Appalachian Research and Defense Fund, Inc., and was not paid by her, the attorney is not entitled to collect attorney fees. Additionally, the Department argues that even if attorney fees should be awarded, they should be limited to serv-

---

[2] The concluding sentence of *Drennen v. Civil Service Commission*, ___ W. Va. ___, 255 S.E.2d 548, 552 (1979), states in part: "[T]he case is remanded to the commission for a proper determination of the remuneration and fees to be paid to Ms. Drennen."

ices rendered in connection with the hearing before the Civil Service Commission and should not include services for the appeal to this Court in *Drennen* or for those connected with this mandamus action.

The right of a civil service employee to obtain legal fees is provided by statute in W. Va. *Code*, 29-6-15 (1977), which is rather generally worded to require payment of "reasonable and necessary attorneys' fees expended therein."[3] We have not had occasion to consider in detail the reach of the statute in regard to attorney fees.

There appears to be little precedent in other jurisdictions as to the scope of the right to obtain reasonable attorney fees in a civil service reinstatement proceeding. This lack of authority may be due in part to the fact that some states do not appear to have a specific provision in their civil service statutes authorizing payment of attorney fees. Even in the absence of an authorizing statute, some courts have permitted a limited form of recovery for attorney fees in a civil service reinstatement. *Wolf v. Missouri State Training School*, 517 S.W.2d 138 (Mo. 1975); *Mason v. Civil Service Commission*, 51 N.J. 115, 238 A.2d 161 (1968); *contra, Leo v. Barnett*, 48 A.D.2d 463, 369 N.Y.S. 2d 789 (1975), *aff'd*, 41 N.Y.2d 879, 362 N.E.2d 624, 393 N.Y.S.2d 994 (1977). None of these decisions, however, are helpful in deciding the issues now before us.

One obvious purpose of a provision for reasonable attorney fees is to provide a measure of restitution to a civil service employee who has been wrongfully discharged or suspended and, as a result, forced to hire an attorney to seek redress. Equally apparent is another goal, to provide an inducement to the employee who has been wrongfully discharged to challenge the action

---

[3] W. Va *Code*, 29-6-15, provides in pertinent part:

"If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reimbursed to his former position or a position of like status and pay, without loss of pay for the period of his suspension, and awarded his reasonable and necessary attorneys' fees expended therein, such fees to be paid by the appointing authority."

since, if successful, he is relieved of the burden of paying reasonable attorney fees. In this sense, the provision for attorney fees acts as a safeguard against arbitrary and capricious governmental discharges and suspensions. The provision for attorney fees is similar to portions of the Federal Civil Rights Acts which provide for recovery of reasonable attorney fees where it is shown that mandatory provisions of the statute have been violated. *See, e.g.*, Annot., 16 A.L.R. Fed. 621 (1973) (award of attorneys' fees under 42 U.S.C. § 2000a-3(b), the public accommodation portion of the 1964 Civil Rights Act); 16 A.L.R. Fed. 643 (1973) (award of attorneys' fees under 42 U.S.C. § 2000e-5(k), the equal employment opportunities portion of the 1964 Civil Rights Act); 22 A.L.R. Fed. 688 (1975) (award of attorneys' fees under 20 U.S.C. § 1617, the 1972 Education Amendments Act prohibiting segregation in schools).

In regard to the award of attorney fees under the foregoing civil rights statutes, the courts have rather uniformly concluded that the award of attorney fees is not precluded by the fact that the attorney may not have been actually paid by the litigant, or that the litigant did not obligate himself in advance to pay the attorney fees, or even where the attorney was donating his services. *Gore v. Turner*, 563 F.2d 159 (5th Cir. 1977); *Bradenburger v. Thompson*, 494 F.2d 885 (9th Cir. 1974); *Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974); Annot., 16 A.L.R. Fed. at 632, 635; *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 538-39 (5th Cir. 1970), illuminates the basic rationale of the rule:

> "What is required is not an obligation to pay attorney fees. Rather what—and all—that is required is the existence of a relationship of attorney and client, a status which exists wholly independently of compensation, as witness the effective service of counsel in the defense of criminal cases, the assertion of post-conviction habeas remedies and the now widespread organized services on behalf of the poor.

"Any other approach would call either for a fictional formal agreement by persons legislatively recognized as frequently unable to pay for such services ... or a frustration of the congressional scheme to effectuate the policies of the Act [Civil Rights Act of 1964] through private suits in which, of course, an attorney is a practical necessity. Congress did not intend that vindication of statutorily guaranteed rights would depend on the rare likelihood of economic resources in the private party (or class members) or the availability of legal assistance from charity—individual, collective or organized...."

This result has not been limited solely to the context of civil rights statutes. Other statutory entitlements to reasonable attorney fees have been construed to be applicable to publicly funded legal services organizations which did not charge the client. *Rodriguez v. Taylor*, 569 F.2d 1231 (3d Cir. 1977), *cert. denied*, 436 U.S. 913, 56 L. Ed. 2d 414, 98 S.Ct. 2254 (1978) (Age Discrimination in Employment Act); *Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975) (Truth in Lending Act); Note, *Awards of Attorney's Fees to Legal Aid Offices*, 87 Harv. L. Rev. 411 (1973).

We, therefore, conclude that under the provision for reasonable attorney fees of W. Va. *Code*, 29-6-15, a recovery for reasonable attorney fees is not precluded on the basis that the client has not paid or contracted to pay an attorney fee.

In most instances, the statutory entitlement to recover reasonable attorney fees is silent as to the levels of litigation to which the provision is applicable. Most courts, however, have had no difficulty in construing the statute to permit recovery of attorney fees for services on appeal. Fee recovery has been extended, furthermore, to include the time spent in attempting to obtain the reasonable attorney fees warranted by the particular statute, as stated in *Weisenberger v. Huecker*, 593 F.2d 49, 54 (6th Cir. 1979), *cert. denied*, 444 U.S. 880, 62 L. Ed. 2d 110, 100 S.Ct. 170:

"We conclude that implementation of Congressional policy requires the awarding of attorney's fees for time spent pursuing attorney's fees in the cases presently under review. This award should also include amounts for legal time spent defending and prosecuting the instant appeals. The Supreme Court in *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522, upheld the authority of the court of appeals under the Act [Civil Rights Attorney's Fees Awards Act of 1976] to award attorney's fees for legal services rendered in the presentation of an appeal before the court of appeals."

The premise underlying the extension of attorney fees to services rendered on appeal is that the client's right is often not ultimately vindicated until an appeal has been taken, and much of the attorney's incentive to prevail will be dissipated if he is compelled to prepare and prosecute an appeal without obtaining reasonable compensation. *See, e.g., Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979), *cert. granted*, 444 U.S. 824, 62 L. Ed. 2d 30, 100 S.Ct. 44; *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978); *Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977). A secondary premise is the concern that a meritorious claim may be frustrated when the opposing party takes an appeal, and the party who should prevail abandons or compromises his claim because of the attrition of costs attendant to the appeal process.

Much the same reasoning applies to appeals from the Civil Service Commission to the courts. It is often not until the civil service employee reaches the courts that he obtains an ultimate vindication of his rights. To deny him compensation for reasonable attorney fees for the services rendered in connection with the appeal would obviously reduce his ability to obtain effective representation. It would also encourage the appointing authority to pursue an appeal in the event of an adverse decision, in the expectation that the employee could not afford the expense of counsel on appeal.

The right to obtain reasonable attorney fees under W. Va. *Code,* 29-6-15, is not, however, unlimited. It applies only where the civil service employee prevails; that is, where the Commission or the courts find that "the action complained of was taken . . . without good cause." Consequently, attorney fees are not available where the appointing authority is able to demonstrate good cause.

We conclude that the right to obtain reasonable attorney fees under W. Va. *Code,* 29-6-15, includes legal services rendered to a civil service employee on a successful appeal from the Civil Service Commission.

We therefore hold that in the present case, attorney fees must be awarded for legal services rendered in prosecuting the appeal in *Drennen v. Department of Health,* ____ W. Va. ____, 255 S.E.2d 548 (1979).

The principle allowing attorney fees on appeal must also apply to a suit, such as the present mandamus, where part of the controversy centers on whether the attorney fees can be collected in a suit which is an outgrowth of a civil service employee's reinstatement, and one of the issues is the extent of the award of attorney fees. The federal courts have recognized that in civil rights cases attorneys can collect reasonable fees for services rendered in connection with the fee itself, including litigation of the issue of the right to or the reasonableness of the fee. *See, e.g., Gagne v. Maher, supra; Weisenberger v. Huecker, supra; Prandini v. National Tea Co., supra.* These federal cases do not discuss in detail any limitation on the attorney fee, but it is apparent that reasonable attorney fees can only be obtained for services rendered in a suit contesting the attorney fee where it is determined that the initial award of attorney fees was not reasonable.

The present case not only involves the right to attorney fees[4] on the original appeal in *Drennen v. Department of Health, supra,* but also the correct date for com-

---

[4] While no issue was raised as to the reasonableness of the fee, the record demonstrates the fees were itemized on an hourly basis and they appear to be reasonable.

puting the back pay differential. Mrs. Orndorff has substantially prevailed on both of these points, and under the foregoing law recovery of reasonable attorney fees in this mandamus action is just and proper.

As a final matter, Mrs. Orndorff asserts she is entitled to interest on her back pay award, adverting to that portion of W. Va. *Code,* 29-6-15, which provides that a vindicated employee shall be reinstated "without loss of pay for the period of his suspension."[5] She urges that unless she receives interest, she will not be fully reimbursed.

We are cited cases decided under the federal Fair Labor Standards Act where, upon the award of back wages, interest has been permitted. *E.g., Hodgson v. American Can Co.,* 440 F.2d 916 (8th Cir. 1971); *N.L.R.B. v. American Compress Warehouse,* 374 F.2d 573 (5th Cir. 1967). The same result has been reached by some courts in equal employment opportunity cases, *e.g., Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211 (5th Cir. 1974). This type of litigation ordinarily involves a rather basic issue of whether the employer violated the standards of the federal law. The statutory standards are relatively clear-cut and there is no issue of the employee's fault.

In a civil service discharge or suspension, by contrast, the issues are more subjective and complex and involve a general standard of whether there was good cause for the particular disciplinary action and whether the punishment meted out was condign. In such a situation, the employee may not be entirely without fault. We, therefore, believe the federal cases are distinguishable and decline to award interest where back pay is accorded in a reinstatement of a civil service employee.[6]

---

[5] See Note 3, *supra.*

[6] We recognize that W. Va. *Code,* 56-6-27, permits prejudgment interest on an action founded on a contract. *Willey v. Travelers Indemnity Co.,* 156 W.Va. 398, 193 S.E.2d 555 (1972). However, we have held that public employment "arises not by virtue of contract but by the terms and conditions fixed by statute." *Baker v. Civil Service Commission,* ___ W.Va. ___, 245 S.E.2d 908, 912 (1978).

For the foregoing reasons, the writ of mandamus is awarded, directing the respondent to establish the commencement date of the back pay differential as December 1, 1977, and to award reasonable attorney fees for legal services rendered in connection with the appeal of *Drennen v. Department of Health, supra,* and for the prosecution of this mandamus action.

*Writ awarded.*