304 S.E.2d 685

**Robert E. BARNES**

v.

**PUBLIC SERVICE COMMISSION.**

No. 15770.

Supreme Court of Appeals of
West Virginia.

June 29, 1983.

Clark B. Frame, Wilson, Frame & Poling, Morgantown, for appellee.

Robert R. Rodecker, Gen. Counsel, Legal Div. of the Public Service Com'n, Charleston, for appellant.

McHUGH, Justice:

The Public Service Commission (PSC) appeals from a September 28, 1982 order of the Civil Service Commission of West Virginia awarding attorney fees to Robert C. Barnes for the prosecution of his appeal to the Civil Service Commission. The PSC contends that the Civil Service Commission is without authority to award attorney fees when it finds that good cause existed to take some disciplinary action but that the action taken by the appointing agency was too severe. We disagree, and affirm the Civil Service Commission's award of attorney fees to appellee Barnes.

Barnes was employed by the PSC as an Investigator-Inspector in the PSC's Gas Pipeline Safety Division. In this capacity he had responsibility for the investigation and inspection of natural gas pipelines in the northern part of West Virginia, including pipelines under the control of Columbia Gas of West Virginia and the Hope Division of Consolidated Gas Supply Corporation.

It was not disputed that Barnes asked for and received assistance from Columbia Gas employees, using Columbia Gas equipment, when excavating the foundation for an addition to his home. Neither was it disputed that on one occasion the president of Hope Division of Consolidated Gas Supply Corporation purchased a dinner for Barnes and Barnes' wife. The PSC concluded that these acts constituted violations of *W.Va.Code* 24–1–3(c) (1977) prohibiting PSC employees from accepting things of value from any public utility and dismissed

Barnes, who appealed the dismissal to the Civil Service Commission.[1]

The Civil Service Commission ruled, by its July 6, 1982 order, that Barnes had violated *W.Va.Code* 24–1–3(c) (1977) but found that dismissal was too severe a punishment for Barnes' violations. Instead, the Commission imposed a six month suspension without pay. This part of the ruling is not at issue in this appeal.

In addition to its ruling on the merits, the Civil Service Commission awarded attorney fees to Barnes. The PSC petitioned the Commission to reconsider its award, and, on September 28, 1982, the Commission issued a second order, affirming its earlier award of attorney fees. The PSC appealed the issue of the propriety of this award to this Court.

This single issue in this appeal is whether *W.Va.Code* 29–6–15 (1977) authorizes the Civil Service Commission to award attorney fees as a remedy where the action taken by the appointing authority was too severe but was with good cause. *W.Va. Code* 29–6–15 (1977) authorizes appeals to the Civil Service Commission and defines the Commission's appellate jurisdiction:

"Any employee in the classified service who is dismissed or demoted after completing his probationary period of service or who is suspended for more than thirty days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the commission for review thereof.

\*       \*       \*       \*       \*       \*

At any such hearing, the burden of proof will be upon the appointing authority to establish that the dismissal, demotion or suspension was proper in all respects and that such dismissal, demotion or suspension was not arbitrary or capricious. Such burden shall remain with the appointing authority throughout every stage of such hearing. If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reimbursed to his former position or a position of life status and pay, without loss of pay for the period of his suspension, and awarded his reasonable and necessary attorneys' fees expended therein, such fees to be paid by the appointing authority. *If the commission finds that the action complained of and taken by the appointing authority was too severe but was with good cause, the commission may provide for such other remedy or remedies, as may be deemed appropriate and in the best interest of the parties. The commission shall expressly have the authority by order to provide for such remedies as it may deem to be appropriate after it has made a complete review of the circumstances of each individual case..."* *W.Va.Code,* 29–6–15 (1977) (in part) (emphasis added)

The Civil Service Commission specifically found that Barnes' discharge was for good cause but too severe a penalty. The Commission awarded Barnes attorney fees under its power to fashion an appropriate remedy in the interests of the parties in such a situation.

■ In *Orndorf v. West Virginia Department of Health,* 165 W.Va. 1, 267 S.E.2d 430 (1980), we considered the scope of the Commission's authority under *W.Va. Code* 29–6–15 (1977) though in a different context than that presented in the case *sub judice.* Therein we set forth the important policy interests served by awards of attorney fees to employees who prosecute successful civil service appeals:

---

**1.** *W.Va.Code* 24–1–3(c) (1977) provides, in pertinent part:

"No person while in the employ of, or holding any official relation to, any public utility subject to the provisions of this chapter, or holding any stocks or bonds thereof, or who is pecuniarily interested therein, may serve as a member of the commission or as an employee thereof. Nor may any such commissioners be a candidate for or hold public office, or be a member of any political committee, while acting as such commissioner; nor may any commissioner or employee of said commission receive any pass, free transportation or other thing of value, either directly or indirectly from any public utility or motor carrier subject to the provisions of this chapter."

"One obvious purpose of a provision for reasonable attorney fees is to provide a measure of restitution to a civil service employee who has been wrongfully discharged or suspended and, as a result, forced to hire an attorney to seek redress. Equally apparent is another goal, to provide an inducement to the employee who has been wrongfully discharged to challenge the action since, if successful, he is relieved of the burden of paying reasonable attorney fees. In this sense, the provision for attorney fees acts as a safeguard against arbitrary and capricious governmental discharges and suspensions. 165 W.Va. at 4–5, 267 S.E.2d at 432."

Certainly these policy considerations weigh heavily in favor of a broad reading of *W.Va.Code* 29–6–15 (1977) which would allow the award of attorney fees in cases where too severe a punishment was imposed by the appointing authority. Accordingly, we hold that *W.Va.Code* 29–6–15 (1977) authorizes the Civil Service Commission to award attorney fees to a civil service employee as a remedy where the action taken by the appointing authority was too severe but was with good cause.

■ It is important to note that such an award is not to be automatic, as it is when the discipline was imposed without good cause, but rather is to be made only when the Civil Service Commission, in the proper exercise of its discretion, determines that an award of attorney fees is appropriate and in the best interest of the parties.

The Public Service Commission argues that certain language in *Orndorf* precludes the award of attorney fees to civil service employees where good cause is found. Two points must be noted, however. First, the statement referred to was *obiter dicta*. Second, read in context, the language does not preclude the result reached herein.

*Drennan v. Dept. of Health,* 163 W.Va. 185, 255 S.E.2d 548 (1979) involved the same appellant as *Orndorf*. This Court held that appellant, Drennan, had been denied civil service employment because of political discrimination. Drennan married prior to her second appeal, changing her name to Orndorf. In her second appeal to this Court Orndorf sought attorney fees though she did not pay for the legal services rendered by the publicly funded legal services organization which represented her. She also sought attorney fees for services rendered in prosecuting her successful appeal to this Court from the Civil Service Commission. She was awarded both. *Orndorf, supra,* at Syllabus points 1 and 2. Because the appointing authority's action was without good cause the award of attorney fees for services rendered in proceedings before the Civil Service Commission was explicitly mandated by *W.Va. Code* 29–6–15 (1977). Thus, though *Orndorf* discussed attorney fee awards under *W.Va.Code* 29–6–15 (1977), it did not adress the issue of whether the Commission could award attorney fees under its authority to structure an appropriate remedy to overly severe disciplinary action by an appointing authority. The limited holdings necessary to the result reached in *Orndorf* are set forth in the two syllabus points of that case.[2]

Second, the language cited by the Public Service Commission must be read in context. In the course of a general discussion of the award of attorney fees for service rendered in an appeal the following statement appears:

"The right to obtain reasonable attorney fees under W.Va.Code, 29–6–15, is not, however, unlimited. It applies only where the civil service employee prevails; that is, where the Commission or the court find that 'the action complained of was taken ... without good cause.' Consequently, attorney fees are not available where the appointing authority is able to demonstrate good cause." 165 W.Va. at 8, 267 S.E.2d at 433.

The right to obtain reasonable attorney fees under W.Va.Code, 29–6–15, includes legal services rendered to a civil service employee on a successful appeal from the Civil Service Commission."

**2.** Syllabus points 1 and 2 of *Orndorf v. W.Va. Dept. of Health,* 165 W.Va. 1, 267 S.E.2d 430 (1980) read as follows:

"Under the provisions for reasonable attorney fees of W.Va.Code, 29–6–15, a recovery for reasonable attorney fees is not precluded on the basis that the client has not paid or contracted to pay an attorney fee.

It is clear from the portion of 29–6–15 (1977) which is quoted and from the language of the passage that the Court was discussing only two of the three adjudicative alternatives open to the Civil Service Commission under *W. Va. Code* 29–6–15 (1977). The two alternatives considered in this passage were findings that the action was taken without good cause or that the action was taken with good cause and that appropriate discipline was imposed by the appointing authority. Within the limits of these two alternatives the Court was correct in stating that a finding of good cause precluded an award of attorney fees. Indeed, within the limits of these two alternatives a finding of good cause would require affirmance of the appointing authority's action.

The case *sub judice* falls within the third adjudicative possibility afforded the Civil Service Commission by 29–6–15 (1977) which is that the appointing authority acted with good cause but imposed too severe a punishment. The Court in *Orndorf* did not face this situation. *Orndorf's* dicta should not be stretched so as to require a result contrary to the sound policy considerations ennunciated in the opinion.

In addition to the attorney fee awarded by the Civil Service Commission, Barnes is clearly entitled to attorney fees for services rendered on this appeal. Syllabus point 2, *Orndorf, supra,* at N. 2.

Affirmed.