356 S.E.2d 483

**J. Thomas FRALEY**

v.

**CIVIL SERVICE COMMISSION and
West Virginia Department of
Highways.**

No. 17285.

Supreme Court of Appeals of
West Virginia.

April 14, 1987.

Howard E. Krauskopf, See, Walters & Krauskopf, Moorefield, for appellant.

Frank Curia & Anthony Halkias, Legal Dept., Dept. of Highways, Civil Service Com'n, for appellees.

McGRAW, Chief Justice:

This is an appeal from a final order of the West Virginia Civil Service Commission, dated February 20, 1986, which upheld the dismissal of the appellant, J. Thomas Fraley, from his employment as a classified civil service employee. The appellant contends that his discharge was wrongful on the grounds that (1) his procedural due process rights were violated because he was dismissed without a pretermination hearing and (2) his dismissal was not for "good cause." The appellant seeks reinstatement to his former position, reimbursement of back pay and benefits from the date of his termination, with interest, and an award of attorney's fees.

We agree with the appellant that his dismissal without a pretermination hearing

was wrongful; however, denial of a pretermination hearing does not compel his reinstatement since his termination was for "good cause" and would not have been prevented by a pretermination hearing. The remedy for the violation of his procedural due process rights is therefore limited to the recovery of back pay and benefits for the period between the effective date of his dismissal, August 13, 1985, and the date of his hearing before the Civil Service Commission, January 27, 1986.

## I.

The appellant became an employee of the West Virginia Department of Highways in July 1981 and worked as a civic affairs coordinator at Burlington until his dismissal on August 13, 1985.[1] In addition to this employment, the appellant has served as the coroner of Hardy County since his appointment by the County Commission of Hardy County in 1972.

The appellant was dismissed from his employment with the Department of Highways on the grounds that, by serving as coroner, the appellant was holding a public office in violation of West Virginia Code § 17–2A–5 (1986 Replacement Vol.)[2] and West Virginia Code § 29–6–20(e)(3) (1986 Replacement Vol.).[3] The appellant was initially notified of his dismissal over the telephone on August 13, 1985, and was given written confirmation by letter dated August 14, 1985. He was not afforded a pretermination hearing.

The letter informed the appellant that (1) a complaint had been filed concerning his position as coroner, (2) his employment was immediately vacated as of August 13, 1985, and (3) his dismissal was statutorily mandated because he held public office as coroner. He was also informed that he could either (1) make a written reply to or, upon request, meet personally with either the Commissioner or Deputy Commissioner of the Department of Highways concerning his dismissal or (2) appeal his dismissal directly to the West Virginia Civil Service Commission. Pursuant to West Virginia Code § 29–6–15 (1986 Replacement Vol.), the appellant appealed to the Civil Service Commission by letter dated September 9, 1985.

At a hearing conducted by the Civil Service Commission on January 7, 1986, the appellant admitted that he was coroner of Hardy County. The Commission thereupon concluded that the appellant's employment with the Department of Highways was vacated by statute. On February 20, 1986, the Commission issued a memorandum opinion dismissing the appeal.[4]

---

1. The appellant became a classified civil service employee pursuant to an executive order issued by the Governor of West Virginia on January 13, 1983, which provided that all positions in the Department of Highways, with certain exceptions, be added to positions in the classified service.

2. West Virginia Code § 17–2A–5 provides, in pertinent part, as follows:
   No person may be appointed as commissioner or employed in any other capacity or employment by the commission or commissioner when he is a candidate for or holds any public office or is a member of any political party committee. In the event the commissioner or any employee of the commission or commissioner becomes a candidate for or holds any public office or becomes a member of any political party committee, his office as commissioner or position as employee, as the case may be, shall be immediately vacated.

3. West Virginia Code § 29–6–20(e)(3) provides, in pertinent part, as follows: (e) notwithstanding any other provision of this code, no employ-ee in the classified service shall: (3) Be a candidate for any national or state paid public office or court of record; or hold any paid public office. . . .

4. In dismissing the appeal, the Commission relied on two opinion letters from the State Attorney General's office. By letter dated February 7, 1984, the Attorney General's office advised the Department of Highways that West Virginia Code § 17–2A–5 imposed an absolute ban prohibiting employees of the Department of Highways from holding public office and that its provisions prevailed over the provisions of West Virginia Code § 29–6–20(e)(3), which applies to all classified civil service employees. By letter dated November 5, 1985, the Attorney General's office advised the Civil Service Commission that West Virginia Code §§ 17–2A–5 and 29–6–20(e)(3), read together or separately, prohibit "holding a classified position . . . concurrently with a public office, regardless of which was held first."

## II.

■ We first address the appellant's contention that his procedural due process rights guaranteed under both the Federal and State Constitutions were violated because he was dismissed without a pretermination hearing.

■ It is well established that a civil service classified employee has a "property interest" in his continued uninterrupted employment and that he cannot be deprived of his employment unless procedural due process safeguards have been afforded. Syl. Pt. 1 and Syl. Pt. 4, *Waite v. Civil Service Commission*, 161 W.Va. 154, 241 S.E.2d 164 (1977). The question of what process is due to tenured civil service employees was recently answered by the United States Supreme Court in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Supreme Court held in *Loudermill* that due process requires " 'some kind of hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Id.* at 542, 105 S.Ct. at 1493. The pretermination hearing does not need to be elaborate or constitute a full evidentiary hearing. The essential due process requirements, notice and an opportunity to respond, are met if the tenured civil service employee is given "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" prior to termination. *Id.* at 546, 105 S.Ct. at 1495.

In the case now before us, the appellees contend that the appellant was not entitled to the benefit of procedural due process safeguards because his employment was void *ab initio* and was vacated pursuant to West Virginia Code § 17–2A–5. Alternatively, the appellees contend that procedural due process protection was afforded since the appellant was given an immediate opportunity to respond and was provided with a posttermination hearing. In support of this contention, the appellees cite our recent decision in *Buskirk v. Civil Service Commission*, 175 W.Va. 279, 332 S.E.2d 579 (1985). In *Buskirk*, we held that a pretermination hearing was not necessary where the classified civil service employee was given an immediate opportunity to respond at the same time he was notified of his dismissal. *Id.*, 175 W.Va. at 284, 332 S.E.2d at 584. For the reasons discussed below, we reject both of the appellees' contentions.

■ Although West Virginia Code § 17–2A–5 advances a legitimate public policy objective, the prohibition of holding public office while employed by the Department of Highways, we do not believe that it is sufficiently compelling to warrant the suspension of the guarantees of procedural due process. *See* Syl. Pt. 5, *Clarke v. West Virginia Board of Regents*, 166 W.Va. 702, 279 S.E.2d 169, 175 (1981); Syl. Pt. 2, *North v. West Virginia Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977). The provisions of West Virginia Code § 17–2A–5 must instead be read *in pari materia* with the statutory provisions entitling classified civil service employees to continued uninterrupted employment.

■ The appellant's interest in his continued employment became protected by the guarantee of procedural due process when his position was added to the classified service in 1983. As a classified civil service employee, the appellant was subject to dismissal under the civil service statute only for "good cause." Syl. Pt. 1, *West Virginia Dept. of Corrections v. LeMasters*, 173 W.Va. 159, 313 S.E.2d 436 (1984); W.Va.Code § 29–6–15. We cannot agree with the appellees that it would be constitutionally acceptable to ignore this protected status and to deny the appellant a pretermination hearing by declaring his employment void *ab initio* and vacated by statute. *See* W.Va.Code § 29–6–10(11).[5]

---

5. West Virginia Code § 29–6–10(11) reads, in pertinent part, as follows:

For discharge or reduction in rank or grade only for cause of employees in the classified service. Discharge or reduction of these employees shall take place only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction stated in writing, and has been allowed a reasonable time to reply thereto in writing, or upon request to appear personally and reply to the appointing authority or his

■ The due process safeguards which protect against arbitrary deprivation of the "property interest" in continued uninterrupted employment cannot be disregarded by the Legislature. The Legislature "may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." *Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1492 (quoting *Arnett v. Kennedy*, 416 U.S. 134, 167, 94 S.Ct. 1633, 1650, 40 L.Ed.2d 15 (Powell, J., concurring in part and concurring in result in part)). Thus, a classified employee who is otherwise entitled to a pretermination hearing under the civil service statute cannot be denied one because of an alleged violation of West Virginia Code § 17–2A–5. In this case, the appellant was entitled to a pretermination hearing under *Loudermill*. Because one was not afforded to him, we hold that his termination was a wrongful violation of his right to procedural due process, and we reverse the Commission on this point.[6]

### III.

As noted earlier, however, we do not believe that denial of a pretermination hearing compels reinstatement in this instance. Reinstatement would be appropriate only if the appellant's dismissal would have been prevented by a pretermination hearing. *See Nickerson v. City of Anacortes*, 45 Wash.App. 432, 441, 725 P.2d 1027, 1032 (1986). In this case, the appellant has not convinced us that his dismissal would have been prevented.

The appellant does not dispute that he served as coroner at the same time he was employed by the Department of Highways. He argues, however, that his dismissal was not for "good cause" on the grounds that (1) the position of coroner is not a "public office" within the contemplation of the statutory prohibitions because the coroner is appointed by the county commission, not elected and (2) any violation of statute com-

mitted by him was a technical violation without wrongful intention. Finally, he argues that he would have resigned his position as coroner had he been given a pretermination hearing.

■ In Syllabus Point 5 of *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970), we stated:

Among the criteria to be considered in determining whether a position is an office or mere employment are whether the position was created by law; whether the position was designated as an office; whether the qualifications of the appointee have been prescribed; whether the duties, tenure, salary, bond and oath have been prescribed or required; and whether one occupying the position has been constituted a representative of the sovereign.

■ The office of county coroner is specifically created by our State Constitution and by statute. Article IX, section 2 of the Constitution requires the county commissioners of every county to appoint a county coroner. West Virginia Code § 61–12–14 (1984 Replacement Vol.) provides as follows for such appointment:

It shall be the duty of the county commission of every county, from time to time, to appoint a coroner for such county, who shall hold his office during the pleasure of such commission and shall take the oath of office prescribed for other county officers. The county coroners shall hereafter perform such duties as may be assigned to them under the rules and regulations promulgated by the board of health, and shall be paid such fees or amounts for such services as may be fixed by the chief medical examiner.

The statute designates the position of county coroner as a public office, and provides that the person holding the office must take the same oath of office prescribed for other county officers. Al-

---

deputy. The statement of reasons and the reply shall be filed as a public record with the director.

**6.** Unlike the employee in *Buskirk*, who remained on the payroll for nearly one month

following the effective date of his discharge, *Buskirk*, 332 S.E.2d at 584, the appellant had his property interest affected immediately when his employment was vacated under West Virginia Code § 17–2A–5.

though the statute does not prescribe the qualifications, duties, tenure, or salary of the office, the statute does mandate how those matters shall be prescribed. Clearly, the position of coroner is a paid public office.

Under West Virginia Code § 29–6–20(e)(3), a classified civil service employee is prohibited from holding any paid public office. Under West Virginia Code § 17–2A–5, a person who holds public office shall not be employed by the Department of Highways. The appellant's simultaneous employment and office holding was a direct and substantial violation of these statutes. Accordingly, his dismissal was for "good cause" regardless of whether he acted with or without wrongful intention. Furthermore, even if he had been given pretermination notice and hearing, a later resignation would not have remedied the prior violation of public policy.

Based on the foregoing, we conclude that the appellant's remedy for the violation of his procedural due process rights is limited to the recovery of back pay and benefits for the period between the effective date of his dismissal and the date of his hearing before the Civil Service Commission. The appellant is not entitled to an award of interest. *See Orndorff v. West Virginia Department of Highways,* 165 W.Va. 1, 267 S.E.2d 430, 434 (1980). Nor is he entitled to an award of attorney's fees under West Virginia Code § 29–6–15, since the action taken was with "good cause."

We, therefore, affirm the appellant's dismissal, but remand this case with directions that an award be made to the appellant consistent with this opinion.

Affirmed in part; reversed in part; remanded.