557 S.E.2d 374

Gary WHITE, Petitioner
Below, Appellant,

v.

Anthony P. BARILL, as Sheriff of Monongalia County, West Virginia, Respondent Below, Appellee.

No. 29100.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 18, 2001.

Decided Dec. 3, 2001.

Gregory Michael, Fairmont, West Virginia, Attorney for appellant.

Phillip M. Magro, Assistant Prosecuting Attorney, Morgantown, West Virginia, Attorney for appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Monongalia County entered on July 6, 2000. In that order, the circuit court denied a motion filed by the appellant and petitioner below, Gary White (hereinafter "White"), to alter or amend the court's May 15, 2000 order which upheld a decision of the appellee and respondent below, Anthony P. Barill, Sheriff of Monongalia County (hereinafter "Sheriff Barill") terminating White's employment as a

1. Komons, who was convicted of child molestation, had been imprisoned in the Monongalia

correctional officer at the Monongalia County Jail. Although the circuit court found that White's procedural due process rights were violated because he was not afforded a pretermination hearing, the circuit court limited White's remedy to back pay and benefits from the date of his termination, July 27, 1999 to September 9, 1999, the date of his post-termination hearing conducted by the Monongalia County Correctional Officers' Civil Service Commission.

In this appeal, White contends that the circuit court erred by not finding that the denial of a pre-termination hearing required his reinstatement. Alternatively, White claims that the circuit court should have remanded the matter to the Commission for consideration of his due process claims. This Court has before it, the petition for appeal, the entire record, and the briefs of counsel. For the reasons set forth below, the final order of the Circuit Court of Monongalia County is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

I.

On July 27, 1999, White, who had been employed by the Monongalia County Sheriff's Department since 1991, was discharged from his position as a correctional officer for harassing Alex Komons, a state prisoner (hereinafter "Komons").[1] Komons first reported the harassment in June 1999 to jail administrator, Tammy Belldina (hereinafter "Belldina"). Belldina did not immediately investigate the allegations, but did instruct Komons to keep a diary and record any further acts of harassment by White.

Sometime in July 1999, Sheriff Barill became aware of the allegations made by Komons. He instructed Belldina to investigate the allegations and directed Chief Deputy Robert McCauley (hereinafter "Chief Deputy McCauley") to act as a reviewing officer in the matter. According to White, he was informed of the allegations made by Komons on July 27, 1999 by Chief Deputy McCauley.

County Jail for approximately four years.

White claims that Chief Deputy McCauley gave him the choice of admitting that the allegations were true and accepting a 30–day suspension without pay plus a reduction in rank or denying the charges and being immediately terminated. White further claims that he was not given the reasons for his discharge in writing;[2] not allowed to review written statements concerning the allegations that were collected by Belldina; not permitted to confront any person who made statements against him; and not given the opportunity to telephone an attorney. White denied the charges against him and was immediately terminated.

Thereafter, White requested a hearing before the Monongalia Correctional Officers' Civil Service Commission. The hearing was granted and began on September 9, 1999, at which time White requested that the Commission address his procedural due process rights. However, the Commission determined that it was without authority to address that issue. After four days of testimony, the Commission sustained White's termination.

White then filed an appeal in the Circuit Court of Monongalia County. He argued, inter alia, that he had a constitutionally protected property interest in continued, uninterrupted employment as a correctional officer and that such property interest required the application of certain procedural due process safeguards to protect him against arbitrary discharge. Specifically, White asserted that he was entitled to pre-discharge notice and a pre-termination hearing to refute the allegations of improper conduct.

After hearing oral argument on the matter, the circuit court issued an order on May 15, 2000, finding that White had been denied procedural due process since he was not afforded a pre-termination hearing. However, the court further found that such a hearing would not have prevented White's dismissal and thus, upheld the Commission's decision to sustain Sheriff Barill's termination of White's employment. White's remedy for the violation of his due process rights was limited to the recovery of back pay and benefits for the period between the effective date of his dismissal, July 27, 1999, and the date of his hearing before the Commission, September 9, 1999.

On July 6, 2000, the circuit court denied White's motion to alter or amend its May 15, 2000 order finding, contrary to White's assertions, that any procedural due process defects had been remedied by the extensive hearing held before the Commission. This appeal followed.

## II.

As discussed above, White contends that the circuit court erred by not ordering his reinstatement after it determined that his procedural due process rights had been violated because he had not been afforded a pre-termination hearing. Alternatively, White argues that this case should be remanded to the Commission with instructions to address the various due process violations he suffered including lack of a formal written notice of the charges made by Komons; denial of the opportunity to rebut these charges and confront his accusers; refusal to allow him to contact an attorney; and failure to permit him to present evidence on his own behalf. The thrust of White's argument is that the circuit court misinterpreted this Court's holding in Fraley v. Civil Service Comm'n, 177 W.Va. 729, 356 S.E.2d 483 (1987). We agree.

Before discussing the circuit court's application of Fraley, we first note that the circuit court properly determined that White's procedural due process rights were violated because he was not afforded a pre-termination hearing. This Court has previously acknowledged that correctional officers who are permanent civil service employees have a property interest arising out of the statutory entitlement to continued uninterrupted employment. Swiger v. Civil Service Comm'r, 179 W.Va. 133, 136, 365 S.E.2d 797, 800 (1987). See also Syllabus Point 4, Waite v. Civil Service Comm'n, 161 W.Va. 154, 241 S.E.2d 164 (1977) ("A State civil service classified employee has a property interest arising out of the statutory entitlement to contin-

---

**2.** White was given a written statement of the   allegations the next day.

ued uninterrupted employment.") This guaranteed property interest requires a pre-termination hearing. *Swiger*, 179 W.Va. at 136, 365 S.E.2d at 800.

▉ As this Court explained in Syllabus Point 3 of *Fraley:* "The constitutional guarantee of procedural due process requires ' "some kind of hearing" prior to the discharge of an employee who has a constitutionally protected property interest in his employment.' *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 [105 S.Ct. 1487, 1493, 84 L.Ed.2d 494] (1985)." "The essential due process requirements, notice and an opportunity to respond, are met if the tenured civil service employee is given 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story' prior to termination." *Fraley,* 177 W.Va. at 732, 356 S.E.2d at 486, *quoting Loudermill,* 470 U.S. at 546, 105 S.Ct. at 1495. Moreover, " '[d]ue process must generally be given before the deprivation occurs unless a compelling public policy dictates otherwise.' Syl. pt. 2 (in part), *North v. West Virginia Board of Regents,* 160 W.Va. 248, 233 S.E.2d 411 (1977)." Syllabus Point 5, *Clarke v. West Virginia Bd. of Regents,* 166 W.Va. 702, 279 S.E.2d 169 (1981). Thus, as a correctional officer for the county, White was entitled to procedural due process protections in connection with the termination of his employment, and his rights were violated because he was not afforded a pre-termination hearing.

▉ Although the circuit court determined that White's due process rights had been violated, the circuit court did not order that he be reinstated to his former position. Instead, the circuit court limited White's remedy to back pay and benefits for a limited period in accordance with this Court's decision in *Fraley. Fraley* involved a civil affairs coordinator for the Department of Highways who was also serving as the coroner for Hardy County. His employment was terminated on the grounds that by serving as coroner, he was holding a public office in violation of West Virginia Code § 17–2A–5 (1986 Replacement Vol.). Like White, Fraley was first given verbal notice of his dis-

missal and then written confirmation by letter the next day. Fraley was not afforded a pre-termination hearing, and thus, this Court found that his procedural due process rights had been violated.

Having found that Fraley's rights had been violated, this Court had to determine the appropriate remedy. Based upon the facts and circumstances, this Court found that the denial of a pre-termination hearing did not compel Fraley's reinstatement because his simultaneous employment was statutorily prohibited and therefore, his dismissal was for "good cause" regardless of whether he acted with or without wrongful intention. 177 W.Va. at 734, 356 S.E.2d at 488. In other words, "even if he had been given pretermination notice and hearing, a later resignation would not have remedied the prior violation of public policy." *Id.* Thus, this Court limited Fraley's remedy for violation of his procedural due process rights to recovery of back pay and benefits for the period between his dismissal and his post-termination hearing.

▉ In this case, no such compelling public policy existed to justify the denial of White's right to procedural due process. However, we do not think reinstatement was the proper remedy, nor do we believe that a limited award of backpay and benefits was appropriate. In Syllabus Point 4 of *Barazi v. West Virginia State College,* 201 W.Va. 527, 498 S.E.2d 720 (1997), this Court held that " '[t]he proper remedy for reversible due process procedural defects in administrative proceedings is to remand the case to the appropriate tribunal with directions to order the administrative institution to remedy the defect.' Syl. Pt. 4, *Clarke v. West Virginia Bd. of Regents,* 166 W.Va. 702, 279 S.E.2d 169 (1981)." Thus, we find that the circuit court should have remanded this case to the Commission to address White's procedural due process rights.

Unfortunately, as the cliché goes, "you can't unring the bell." As a practical matter, there is simply no way to give White a full pre-termination hearing at this point. All this Court can do is remand this case to the circuit court with directions to remand the case to the Commission for a substitute pre-termination hearing to determine whether White would have been terminated even if he

had been afforded a full and timely pre-termination hearing. We note that upon remand should the Commission find that White would have been dismissed even if a proper pre-termination hearing had been held, then the Commission must only award nominal damages as set forth in *Barazi*. As this Court explained in *Barazi*:

> "When official policy results in a person being deprived of property or liberty without procedural due process, and such deprivation would have taken place even if a proper hearing had been held, then the person is not entitled to compensatory damages for the deprivation itself. *Carey v. Piphus*, 435 U.S. 247, 260, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978). The person is entitled only to nominal damages for the denial of due process, unless the person demonstrates actual injury attributable to the *denial of due process* rather than to the *deprivation*."

201 W.Va. at 533, 498 S.E.2d at 726, (quoting *DeSimone v. Board of Educ.*, 612 F.Supp. 1568, 1571 (E.D.N.Y.1985)).

Thus, for the reasons set forth above, the final order of the Circuit Court of Monongalia County entered on July 6, 2000 is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded with directions.