## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lee Trace, LLC,**
**Petitioner Below, Petitioner**

**vs)  No. 14-0962** (Berkeley County 11-AA-2 and 14-AA-1)

**Larry Hess, as Assessor for Berkeley County, West Virginia,**
**Berkeley County Council as Board of Review and Equalization,**
**And Berkeley County Council,**
**Respondents Below, Respondents**

**FILED**

November 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Lee Trace, LLC, by counsel Thomas Moore Lawson and Kristopher R. McClennan, appeals the final order of the Circuit Court of Berkeley County (Business Court Division) entered on August 29, 2014, denying the petition for appeal from a decision of the Berkeley County Board of Review and Equalization. Respondent Assessor appears by counsel Michael D. Thompson. Respondents Berkeley County Council and Berkeley County Council as the Board of Review and Equalization appear by counsel Norwood Bentley III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In this case, we are revisited by issues connected with the 2010 real estate assessment ("the 2010 assessment") first encountered by the Court in *Lee Trace LLC v. Raynes*, 232 W.Va. 183, 751 S.E.2d 703 (2013). We will not herein repeat the history related in that opinion; the principal point from *Lee Trace LLC* relevant to this appeal is that petitioner did not receive statutorily or constitutionally sufficient notice of its right to appeal its 2010 assessment, necessitating remand to the Circuit Court of Berkeley County "for further proceedings consistent with [our] Opinion." On remand, the circuit court ordered that the petitioner's appeal of the 2010 assessment be heard by the following session of the county commission sitting as the board of review and equalization.

Petitioner filed a petition for writ of prohibition with this Court, seeking to preclude the circuit court's remand order on the ground that failure to provide sufficient notice of the assessment and appeal rights prior to the 2010 board's adjournment sine die rendered the assessment void for jurisdictional defect. This Court refused the petition. Thereafter, the Board of Review and Equalization conducted a hearing on February 5, 2014. At the conclusion of that

1

hearing, the 2014 Board of Equalization and Review affirmed the 2010 assessment in the amount of $7,895,530, representing sixty percent of the county assessor's determination of the true value of petitioner's apartment complex. Petitioner appealed the decision of the Board of Equalization and Review to the circuit court, which consolidated that appeal with petitioner's other pending tax assessment appeals related to the same property, and transferred the resulting matter to the business court division. The business court division entered an order related only to the 2010 assessment on August 29, 2014, affirming the ruling of the Board of Review and Equalization. This appeal followed.

On appeal, petitioner asserts seven assignments of error. It argues that the business court division erred in: (1) not voiding the 2010 property tax assessment inasmuch as this Court found that petitioner's due process rights had been violated; (2) affirming respondents' "correction" of the 2010 assessment; (3) finding that the assessor considered the required depreciation factors in the 2010 assessment; (4) excusing the assessor's failure to consider income information in the 2010 assessment; (5) making factual findings that were contrary to undisputed evidence in the certified record; (6) applying "an effectively irrebuttable presumption of correctness and a practically impossible burden of proof;" and (7) finding that the assessor equalized the 2010 assessment though the assessor "admitted it had not been equalized and [petitioner] was forced to pay 18% of its gross income in real property taxes compared to owners of similar properties who paid at most 7%." As we explained in *Lee Trace LLC v. Raynes*,

> "'This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed de novo.' Syllabus point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syllabus Point 1, *Foster Found.*, 223 W.Va. 14, 672 S.E.2d 150 (2008). This Court has repeatedly recognized that
>
>> "'[a]n assessment made by a board of review and equalization and approved by the circuit court will not be reversed when supported by substantial evidence unless plainly wrong.' Syllabus Point 1, *West Penn Power Co. v. Board of Review and Equalization*, 112 W.Va. 442, 164 S.E. 862 (1932) (other internal citations omitted)." "Syllabus Point 3, *In re: Tax Assessment of Foster Foundation's Woodlands Retirement Community*, 223 W.Va. 14, 672 S.E.2d 150 (2008)."
>
> Syllabus Point 2, *Mountain America LLC v. Huffman*, 224 W.Va. 669, 687 S.E.2d 768 [(2009)].

In light of the principles explained above, we proceed to consider petitioner's several assignments of error.

We begin with petitioner's first assignment of error, wherein it argues that the business court division erred by not voiding the 2010 assessment for jurisdictional defect based on this Court's finding that petitioner's due process rights were violated because it received insufficient

notice of its right to appeal the 2010 assessment. As the business court division explained, "[t]he proper remedy for reversible due process procedural defects in the administrative proceedings is to remand the case to the appropriate tribunal with directions to order the administrative institution to remedy the defect." Syl. Pt. 3, *White v. Barill*, 210 W.Va. 320, 321, 557 S.E.2d 374, 375 (2001). This is precisely the remedy effected by the circuit court in remanding the matter to the session of the Board of Review and Equalization following the entry of the circuit court's remand order. We thus find no error.

In petitioner's second assignment of error, it argues that the "correction" of the 2010 assessment was unlawful, and the business court division therefore erred in affirming it. The crux of petitioner's argument in this regard is that it was denied equal protection of the law because its 2010 assessment was considered by the 2014 Board of Equalization of Review, though other property tax owners had their challenges to their own 2010 assessments considered by the 2010 Board of Equalization and Review, which had ceased to exist by the time petitioner's challenge was considered. The 2014 Board of Equalization and Review, petitioner argues, had no jurisdiction with regard to the 2010 assessment. We disagree for the reasons that we reject petitioner's first assignment of error, as set forth above. Furthermore, we agree with Respondent Assessor that article 10, section 1 of the West Virginia Constitution commands that "taxation shall be equal and uniform throughout the state, and *all* property, both real and personal, shall be taxed in proportion to its value to be ascertained as directed by law." (Emphasis supplied.) Under the circumstances presented herein, the voiding of the tax assessment would be contrary to law.

We turn now to petitioner's third assignment of error, in which it argues that the circuit court erred in finding that the assessor adequately referred to the requisite depreciation factors when completing the 2010 assessment. In utilizing the cost approach to assessments, as the assessor did here, one must "consider" three types of depreciation: physical deterioration, functional obsolescence, and economic obsolescence. *See* W.Va. C.S.R. § 110–1P–2.2.1.1. Interpreting this rule, we have clarified that it "does not require . . . any adjustment to the valuations made regarding property because of physical deterioration, functional obsolescence and economic obsolescence. . . . Rather, all that is required . . . in applying the cost approach valuation is that [one] will think about or contemplate [the] three types of depreciation. . . ." *Century Aluminum of W.Va., Inc. v. Jackson Cty. Comm'n*, 229 W. Va. 215, 224-25, 728 S.E.2d 99, 108-09 (2012). As the circuit court noted, the deputy assessor who testified before the Board of Review and Equalization explained that the computer-assisted mass appraisal system includes fields to account for the requisite manners of depreciation. The business court division correctly found that the system fields "are not direct evidence of the consideration of [the] three forms of depreciation, [but] in conjunction with the presumption of correctness[1], the evidence before the [Board of Review and Equalization] is sufficient to sustain the assessment on this issue." (Footnote added.) There is no clear and convincing evidence that the assessor failed to consider

---

[1] "'As a general rule, there is a presumption that valuations for taxation purposes fixed by an assessor are correct. . . . The burden is on the taxpayer challenging the assessment to demonstrate by clear and convincing evidence that the tax assessment is erroneous.'" Syl. Pt. 2, in part, *W. Pocahontas Props., Ltd. v. Cnty. Comm'n of Wetzel Cty.*, 189 W.Va. 322, 431 S.E.2d 661 (1993)." Syl. Pt. 2, *Century Aluminum of W.Va., Inc*, 229 W.Va. at 216, 728 S.E.2d at 100.

physical depreciation or functional or economic obsolescence, and we find no error in this regard.

Petitioner further argues, in its fourth assignment of error, that the circuit court erred in "excusing the assessor's failure to consider income information." We have explained that "[t]he selection and application of the cost, income or market data approach, as appropriate in the valuation of commercial property, are within the discretion of the assessor." *Pope Props./Charleston Liab. Co. v. Robinson*, 230 W.Va. 382, 387, 738 S.E.2d 546, 551 (2013) citing *Stone Brooke Ltd. P'ship v. Sisinni*, 224 W.Va. 691, 701, 688 S.E.2d 300, 310 (2009). In that regard, we recently held that

> "Title 110, series 1P of the West Virginia Code of State Rules confers . . . . discretion in choosing and applying the most accurate method of appraising commercial and industrial properties. The exercise of such discretion will not be disturbed upon judicial review absent a showing of abuse of discretion." Syl. pt. 5, *In re: Tax Assessment Against American Bituminous Power Partners*, 208 W.Va. 250, 539 S.E.2d 757 (2000).

Syl. Pt. 5, *Pope Props.*, 230 W. Va. at 382, 738 S.E.2d at 547. On this matter, we agree with the business court division that the use of the income method of appraisal was not required, and the assessor exercised the appropriate discretion in utilizing the cost approach, particularly because there was no comparable sale of property in Berkeley County during the relevant period that the assessor could have used to develop the capitalization rate necessary for that approach.[2]

Petitioner's fifth assignment of error charges that the circuit court made factual findings contradicting the evidence on the record. First, it argues that the business court division

---

[2] As we plainly explained when this matter was first before us:

> Here, the circuit court properly concluded that an assessor need not perform a useless act of considering an appraisal method where the assessor does not have sufficient data to perform that appraisal method. Lee Trace did not deliver all of its 2010 expense and income information to the Board until mid-February of 2011. Additionally, the data was not available for the Assessor to develop a "cap rate" used in the calculation due to the lack of any comparable sales in Berkeley County for the period in question. Thus, the Assessor's choice was limited. *See also Bayer MaterialScience, LLC v. State Tax Comm'r*, 223 W.Va. 38, 54, 672 S.E.2d 174, 190 (2008) (rejecting taxpayers' request to apply particular appraisal method where taxpayers had not provided data necessary to apply that appraisal method because taxpayers' corporate financial structure did not produce that type of data). Accordingly, we find that the circuit court did not commit error in ruling that the Assessor's choice of the cost approach was within her discretion under the plain language of the legislative rules and the authority of this Court.

*Lee Trace, LLC*, 232 W. Va. at 193, 751 S.E.2d at 713.

4

erroneously found that the assessor considered the requisite depreciation factors. As explained above, we disagree. Second, petitioner argues that the business court division erroneously found that income data it provided was not reliable or relevant. However, the business court division clarified that petitioner did not even begin receiving rental income until late in 2008, and that petitioner's expert witness "advocates considering what rent the property could produce if fully occupied. Yet, the [r]ule requires rent that has been produced in the next preceding three years." We agree that the subject data was not reliable and, as explained above, the assessor was not required to consider it. Third, petitioner argues that the business court division erroneously found that it failed to present evidence of comparable sales. Any evidence produced by petitioner's expert witness and purporting to show a comparable sale involved a sale that originated outside of West Virginia. Petitioner's argument on this point is made in a single sentence, and it offers no authority requiring an assessor to look outside state borders to obtain evidence of comparable sales. We agree with respondents that "[i]n determining appraised value, primary consideration shall be given to the trends of price paid for like or similar property in *the area or locality in which the property is situated*." W.Va. C.S.R. § 110-1P-3.1.1 (emphasis supplied). Fourth, petitioner argues that the business court division erroneously found that the appraisal submitted by its expert witness was incorrectly dated. We agree with the business court division on this point, as well, inasmuch as the appraisal report clearly states the date "July 1, 2010," on its face. We note, however, that the business court simply adjusted the weight of the evidence, noting that "it appear[ed] possible that in certain ways [the expert witness] may have relied upon 2010 data, in error." Accordingly, we find no error in the business court division's findings of fact.

We turn to petitioner's sixth assignment of error, wherein it argues that the circuit court erred by applying "an effectively irrebuttable presumption of correctness and a practically impossible burden of proof" on the matter of the assessor's consideration of the depreciation factors. Petitioner's argument on this matter includes no supporting legal citation. Having thoroughly reviewed the order of the business court division and the standards under which the business court division conducted its review, as further described above, we find no error in this regard.

Finally, we consider petitioner's seventh assignment of error, in which it argues that the circuit court erred "in finding that the assessor equalized the 2010 assessment when the assessor admitted it had not been equalized," causing petitioner to pay a significantly higher percentage of its gross income in property taxes than other similarly-situated Berkeley County taxpayers. As all respondents noted, violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires "[i]ntentional, systematic undervaluation by state officials of other taxable property in the same class[,]" and occasional errors of law or mistake in judgment are not alone sufficient to implicate the clause. *Allegheny Pittsburgh Coal Co. v. Cty. Comm'n of Webster Cty., W.Va.*, 488 U.S. 336, 343 (1989). Furthermore, this Court has announced that "'The Equal and uniform clause of Section 1 of Article X of the West Virginia Constitution, requires a taxpayer whose property is assessed at true and actual value to show more than the fact that other property is valued at less than true and actual value. *To obtain relief, he must prove that the under valuation was intentional and systematic*.' Syllabus Point 1, *Kline v. McCloud*, 174 W.Va. 369, 326 S.E.2d 715 (1984)." Syl. Pt. 11, *Mountain Am., LLC v. Huffman*,

224 W. Va. 669, 687 S.E.2d 768, 772 (2009)(emphasis supplied).[3] There is no evidence of intentional and systematic under valuation of other properties in the record on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] Petitioner argues that *Kline* and *Mountain America* do not apply in this context because its property was assessed at more than its true and actual value. We find that this distinction does not affect the application of standard announced in those cases to the matter now before us.