[No. A055835. First Dist., Div. One. Nov. 12, 1993.]

RICHARD URBANIAK, as Administrator, etc., Plaintiff and Respondent, v.
FREDERIC H. NEWTON et al., Defendants and Appellants.

**COUNSEL**

O'Connor, Cohn, Dillon & Barr, Duncan Barr, Susan Reifel, Paul N. Halvonik, Fred J. Hiestand, Lynch, Loofbourrow, Helmenstine, Gilardi & Grummer, Daniel F. McLennon and Robert T. Lynch for Defendants and Appellants.

Bien, Summers & Dale, Richard R. Dale and Elliot L. Bien for Plaintiff and Respondent.

**OPINION**

**DOSSEE, J.**—This is an appeal from the award of attorney fees to respondent for a previous appeal in an action for damages caused by

dissemination of the positive HIV status of respondent's decedent. We find that respondent was not a "successful party" within the meaning of Code of Civil Procedure section 1021.5 and reverse.[1]

BACKGROUND

Decedent Gary Urbaniak was injured at work, and his employer's insurance carrier, Allianz Insurance Company (Allianz), sent him to Dr. Frederic Newton, a neurologist, for evaluation. In his examination, Dr. Newton utilized metal electrodes with sharp points, which drew blood. After the examination was completed, Urbaniak told the nurse to be careful sterilizing the electrodes because he was HIV positive and said that he did not want this information to go into the doctor's report. Despite this request, Dr. Newton used the information to report to Allianz that Urbaniak's neck and back pain might be due to increased muscle tension brought on by stress over his HIV diagnosis. (*Urbaniak* v. *Newton* (1991) 226 Cal.App.3d 1128, 1133-1134 [277 Cal.Rptr. 354].)

Newton sent the report to the attorneys for Allianz (John Parente and Paul Karasoff), the attorneys sent it to Allianz, Urbaniak's counsel and the Workers' Compensation Appeals Board. Allianz sent the report to Urbaniak's chiropractor. Urbaniak sued the carrier, Newton, Parente and Karasoff, alleging several causes of action, including violations of Health and Safety Code section 199.21 (disclosing result of blood test), violation of the United States and California constitutional rights of privacy, violation of the insurance information privacy act, and negligent and intentional infliction of emotional distress. (*Urbaniak* v. *Newton, supra,* 226 Cal.App.3d at pp. 1133-1135.)

All defendants prevailed on a motion for summary judgment, and Urbaniak appealed. He died during the appeal, and the matter was continued by his estate.[2] In 1991, this court published its opinion in *Urbaniak* v. *Newton, supra,* 226 Cal.App.3d 1128. We affirmed the judgment as to Allianz and the lawyers and held that disclosure of HIV positive status is entitled to constitutional protection but that Civil Code section 47, former subdivision 2 (the judicial proceedings privilege, now subd. (b)) provided a defense for the lawyers and Allianz because they had no notice of an invasion of privacy. (226 Cal.App.3d at p. 1141.) We found there was no triable issue of fact on

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2]We held that the death of Urbaniak barred the recovery of damages for emotional distress but that the estate could recover special and punitive damages. (*Urbaniak* v. *Newton, supra,* 226 Cal.App.3d at p. 1142.)

the negligent or intentional infliction claims or as to the insurance information privacy act violation. We reversed the summary judgment on a single cause of action for violation of the California constitutional right of privacy against Dr. Newton. Dr. Newton could not avail himself of the judicial proceedings privilege since he knew of and used the information, which was disclosed in confidence and had little relevance to the medical examination.

After the opinion became final, appellant filed a costs memorandum in the trial court which requested attorney fees pursuant to section 1021.5, the private attorney general statute. The trial court granted the motion and awarded $79,125.46 in fees for the appeal. The insurance company and the lawyers filed a letter arguing that they were not responsible for the fees since they prevailed on the appeal. The doctor filed a motion for reconsideration, arguing that the estate's limited success in the appeal did not meet the requirements of section 1021.5 and that the court should have decreased the amount claimed because only one cause of action survived the appeal.

The trial court denied reconsideration and stated that the order applied to all defendants. Allianz, Parente and Karasoff appealed, as did Dr. Newton. In the meantime, the case apparently went to trial against Newton, and the estate suffered a nonsuit. That case (*Estate of Urbaniak* (A059868)) is also on appeal but is not yet briefed.

## DISCUSSION

Allianz, Parente and Karasoff argue that the estate was not "successful" against them because the summary judgment in their favor was affirmed. Dr. Newton argues that any award against him is premature. We agree with both contentions.

*The Award Against Allianz, Parente and Karasoff*

■ Although we found that disclosure of Urbaniak's HIV status was protected by the California Constitution, we determined that the litigation privilege shielded these defendants from liability because they received the disclosure in a context (the report of the examining doctor in a workers' compensation proceeding) that did not give them notice of facts suggesting an invasion of privacy. (*Urbaniak* v. *Newton, supra,* 226 Cal.App.3d at p. 1141.) Therefore, although Urbaniak's claim of constitutional protection was vindicated, the summary judgment was affirmed for Allianz, Karasoff and Parente.

Section 1021.5 provides for an "award [of] attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. . . ."

In defending its award of attorney fees, respondent focuses on the main subdivisions of section 1021.5 and argues that important rights were vindicated by our published opinion. Respondent cannot, however, overcome the fact that in order to qualify for such fees, it must first be a "successful party." We recognize that to be a "successful party" a plaintiff need not achieve a favorable final judgment. (*Leiserson* v. *City of San Diego* (1988) 202 Cal.App.3d 725, 734 [249 Cal.Rptr. 28].) However, we can find no case where the party who actually obtained an affirmance on appeal of a dismissal in its favor was held responsible for attorney fees under any theory.

Like the plaintiff in *Leiserson*, plaintiff herein confined his tort action to a prayer for civil damages. He did not request a declaration of privacy rights of other similarly situated people, nor did he seek injunctive relief to protect such rights. "By tactical design, the litigation was not intended to promote the rights of [others] by obtaining a judicial declaration of those rights. . . . [I]n light of the narrow focus of [plaintiff's] tort pleadings, it is clear our published opinion was simply fortuitous." (202 Cal.App.3d at p. 738.) The *Leiserson* court determined that the plaintiff in that case, a news photographer, had been properly excluded from a disaster scene, but the case had resulted in a published opinion that defined the rights of the press to be present at such scenes. That court concluded that the plaintiff's lawsuit may have resulted in a published opinion which defined First Amendment rights of the press, but that the plaintiff was still not a "successful" party because he failed to prevail "in any manner within his chosen context." (*Ibid.*) The estate herein stands in a similar position.

■ The court assessing a claim for attorney fees under section 1021.5 must determine that the action served to vindicate an important right of the plaintiff. This need not be accomplished by a judgment, but there must be some causal connection between the lawsuit and a change in the defendant's conduct, for example, where the action is a catalyst motivating defendants to provide the primary relief sought. (*Leiserson* v. *City of San Diego, supra*, 202 Cal.App.3d at p. 735.) ■ The instant case indicates no change in the

conduct of the lawyers or Allianz resulting from affirmance of the summary judgment in their favor.[3]

The estate argues that the ruling on appeal is significant and that the defendants only escaped liability due to a technical statutory immunity. We note an opinion of the United States Supreme Court which disagrees with this contention. In *Hewitt* v. *Helms* (1987) 482 U.S. 755 [96 L.Ed.2d 654, 107 S.Ct. 2672], an inmate sued prison officials for violations of his constitutional right to due process when he was confined to administrative segregation without a hearing. In the first appeal, the Supreme Court found that the inmate's constitutional rights had been violated and remanded. The lower court eventually entered judgment for the prison officials on the ground of qualified immunity. The Supreme Court reversed a subsequent decision awarding attorney fees to the inmate and found that a favorable statement of law in a judicial opinion did not render a plaintiff a "prevailing party" for purposes of attorney fees under the federal statute. (42 U.S.C. § 1988.)[4] The court recognized that it was not a judgment per se that rendered a plaintiff successful but "some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct." (482 U.S. at p. 761 [96 L.Ed.2d at p. 662].) The court found that the "moral satisfaction of knowing that a federal court concluded that his rights had been violated" was not the type of relief that supports a fee award. (482 U.S. at pp. 762-763 [96 L.Ed.2d at pp. 662-663].) The same conclusion applies to respondent's action against Allianz and its attorneys in the instant case.

We find that because the estate cannot be deemed a successful party under the statute, it was an abuse of discretion to award fees against these

---

[3]We recognize that respondent presented evidence to the trial court regarding newspaper articles which stated that our previous opinion enhanced the privacy rights of AIDS victims. There is also a declaration by an expert on HIV testing and confidentiality litigation which states that the publicity attending the *Urbaniak* opinion will influence entities to establish new policies regarding dissemination of such information. There is, however, no evidence such changes were actually made by these defendants. Our Supreme Court speaks of a lawsuit being a catalyst that motivates change or vindicates an important right " ' "by activating defendants to modify their behavior." ' " (*Maria P.* v. *Riles* (1987) 43 Cal.3d 1281, 1292 [240 Cal.Rptr. 872, 743 P.2d 932].) There is no such change indicated in the instant case.

[4]Title 42 United States Code section 1988 provides for an award of attorney fees to a "prevailing party." (*Hewitt* v. *Helms, supra,* 482 U.S. at p. 759 [96 L.Ed.2d at pp. 660-661].) California courts have used "successful party" and "prevailing party" interchangeably when referring to section 1021.5 attorney fees. (*Maria P.* v. *Riles, supra,* 43 Cal.3d 1281, 1291.) Our Supreme Court has noted that the rule followed by federal courts in construing the term "prevailing party" is similar to the inquiry undertaken by state courts determining whether a party is "successful" under section 1021.5. (*Folsom* v. *Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685 [186 Cal.Rptr. 589, 652 P.2d 437].)

defendants. Our disposition of this issue makes it unnecessary to address appellants' remaining contentions regarding the lack of a public benefit, failure to apportion, financial burden and excessiveness of the fees.[5]

*Award of Fees Against Dr. Newton*

■ Appellant Newton argues that the estate cannot be deemed a successful party against him because the action was not resolved after the appeal and Newton prevailed at the subsequent trial. We agree with the estate that an action must not always be completely resolved prior to an award of fees. (See, e.g., *Sundance* v. *Municipal Court* (1987) 192 Cal.App.3d 268, 271 [237 Cal.Rptr. 269] [fees awarded to plaintiff after first appeal despite possibility of further litigation to consider *additional relief for plaintiff*].) Although a case need not be completely final prior to an award of section 1021.5 fees, the benefit obtained must be "secure" before the fees may be awarded. (*Folsom* v. *Butte County Assn. of Governments, supra*, 32 Cal.3d at p. 679.) Nothing in the way of relief to the estate was secure following issuance of our opinion reversing the entry of a summary judgment.

Reversal of a summary judgment leaves the parties " 'in a position no different from that they would have occupied if they had simply defeated the defendants' motion . . . in the trial court.' [Citation.]" (*Miller* v. *California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 458 [222 Cal.Rptr. 225].) Merely reversing a summary judgment and remanding a matter for trial does not establish the showing necessary to support an award of attorney fees under section 1021.5. The fact that the trial court has subsequently entered a nonsuit against the estate indicates that the plaintiff has not yet prevailed, attained any measure of success or changed the defendant's conduct.

The court in *Presley of Southern California* v. *Whelan* (1983) 146 Cal.App.3d 959 [196 Cal.Rptr. 1], discussed a similar situation in the context of an award of contractual attorney fees pursuant to Civil Code section 1717. The court considered statutory language that allowed fees to a prevailing party " '. . . whether or not the suit proceeds to final judgment.' " The court found it was premature to award fees for the reversal of a summary judgment, which is merely an intermediate procedural maneuver. (146 Cal.App.3d at pp. 961-962.) The same reasoning applies in the instant case. The trial court abused its discretion in awarding fees against Dr. Newton prior to the resolution of some issue involved in the case.

---

[5]We reject their contention that the trial court should have awarded Allianz costs for the previous appeal. Our opinion in *Urbaniak* v. *Newton, supra*, 226 Cal.App.3d 1128, awarded costs to the estate, and that decision became final long ago.

## CONCLUSION

The order awarding fees is reversed, without prejudice to its renewal following a final determination in the matter involving Dr. Newton.

Strankman, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied December 13, 1993, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied January 27, 1994.