551 S.E.2d 25

Curtis LOUDEN and Anthony Sears,
Petitioners Below, Appellees,

v.

WEST VIRGINIA DIVISION OF ENVI-
RONMENTAL PROTECTION, Re-
spondent Below, Appellant,

and

Green Valley Coal Company, Intervenor
Below, Appellee.

No. 28664.

Supreme Court of Appeals of
West Virginia.

Submitted April 3, 2001.

Decided June 8, 2001.

Sean P. McGinley, DiTrapano Barrett & DiPiero, PLLC, Charleston, West Virginia and Joseph M. Lovett, Charleston, West Virginia and Walton D. Morris, Jr. (Pro Hac Vice), Charlottesville, Virginia Attorneys for the Appellees, Curtis Louden and Anthony Sears.

M. Shane Harvey, Robert G. McLusky, Jackson & Kelly, Charleston, West Virginia and Robert G. McLusky, Jackson & Kelly, Charleston, West Virginia Attorneys for the Appellee, Green Valley Coal Company.

William E. Adams, Jr., Christopher D. Negley, Division of Environmental Protection, Charleston, West Virginia, Attorneys for the Appellant.

ALBRIGHT, Justice:

The West Virginia Division of Environmental Protection (hereinafter "DEP") appeals from the January 27, 2000, order of the Kanawha County Circuit Court granting payment of costs, including attorneys' fees, to Curtis Louden and Anthony Sears (hereinafter "Appellees") in a case involving an administrative appeal of a permit revision decision by the Surface Mine Board (hereinafter "SMB"). The award followed the circuit court's dismissal of the appeal as moot. Based upon the briefs and arguments of the parties and review of the relevant records, we affirm in part, reverse in part, and remand with direction.

I.   Factual and Procedural Background

The underlying controversy involved DEP's June 4, 1998, decision to grant Green Valley Coal Company's (hereinafter "Green Valley") December 10, 1997, application for amendment to an existing permit, known as an incidental boundary revision (hereinafter "IBR"), that would have allowed Green Valley to inject coal slurry into an abandoned underground mine. Appellees opposed the IBR on the grounds that the slurry injection would contaminate the water source of the residents in the area and interfere with the natural habitat of indigenous trout. Appellees filed a pro se appeal of the DEP decision with the SMB, on which a hearing was conducted on September 15, 1998. Although the SMB unanimously upheld the DEP decision, its final order of November 2, 1998, included an amendment to the IBR that required Green Valley to perform a dye test before it began any slurry injection. Appellees retained counsel to seek judicial review of the November 2, 1998, order, and a petition was filed in the Kanawha County Circuit Court on December 2, 1998, pursuant to the provisions of West Virginia Code § 22B–1–9(a) (1994) (Repl.Vol.1998).

On March 11, 1999, Green Valley sent a letter to DEP requesting that DEP "withdraw" its approval of the IBR. DEP granted Green Valley's request for rescission on June 22, 1999. For reasons not clear from the record or argument before this Court, DEP did not timely inform the circuit court or Appellees of Green Valley's rescission re-

quest or of the agency's action in granting the request. Appellees were not apprised of these developments until July 6, 1999, after all briefs were submitted by Appellees and DEP according to the briefing schedule established by the circuit court.[1]

After learning of the IBR rescission, Appellees joined DEP in moving the lower court to dismiss the appeal for judicial review. By order entered July 23, 1999, the circuit court dismissed the appeal on the ground that the issue in controversy became moot when the slurry injection project was terminated by DEP's rescission of the Green Valley IBR. Also on July 23, 1999, Appellees filed a petition seeking an award of costs and expenses associated with prosecuting the appeal before the circuit court.

In response to Appellees' petition for an award of costs, DEP filed a motion for leave to file a third-party claim against Green Valley on September 7, 1999. In support of its motion, DEP asserted that Green Valley should bear responsibility for all or part of any attorneys' fee award because Green Valley caused the IBR rescission and DEP did not change its position with regard to the permit issuance. The circuit court granted the motion regarding the third-party claim on the same day it was filed.

Through a motion filed on September 19, 1999, DEP sought to remand the attorneys' fee issue to the SMB contending that: (1) the SMB was the more appropriate forum to determine whether Appellees had met the standard established by state regulation for an award of attorneys' fees by making "a significant contribution to a full and fair determination of the issues";[2] and (2) SMB

had superior access to relevant information. As part of the January 27, 2000, order awarding Appellees costs and expenses, the circuit court denied DEP's request for remand. It is from the January 27, 2000, order of award that DEP appeals.

## II.   Standard of Review

■   We are guided in our review of the circuit court's ruling regarding costs and attorney's fees by our holding in syllabus point three of *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959) wherein we stated that, "[t]he trial [court] ... is vested with a wide discretion in determining awards ... of ... court costs and counsel fees; and the trial [judge's] ... determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that he has abused his discretion." *Id.* at 478, 109 S.E.2d at 17, syl. pt. 3, in part.

## III.   Discussion

In this appeal, DEP raises three objections to the lower court's decision to award costs. According to DEP, the circuit court's determination that fee assessments may not be made against permit holders in permit issuance and revision appeals is contrary to the law in West Virginia. DEP argues further that there is no authority for a court to award costs in cases where a final order does not include a revision or modification of an agency's decision based on the judicial review standards set forth in West Virginia Code § 29A–5–4(g) (1998).[3]   Finally, DEP contends that the circuit court erred in finding that Appellees made a significant contribution to a full and fair determination of the issues.

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

1.   Green Valley neither filed an answer nor submitted a brief in the judicial review action before the circuit court.

2.   38 W.Va.C.S.R. 2 § 20.12.a.2.

3.   West Virginia Code § 29A–5–4(g) provides:
    The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

The standards for awarding fees and costs in administrative appeals involving permitting actions under the West Virginia Surface Coal Mining and Reclamation Act, W.Va. Code §§ 22–3–1 to –32 (1994 & Supp.2000), (hereinafter "WVSCMRA") are governed by the West Virginia Surface Mining Regulation Rules. *See* 38 W.Va.C.S.R. 2 § 20.12. In syllabus point five of *Schultz v. Consolidation Coal Co.*, 197 W.Va. 375, 475 S.E.2d 467 (1996), *cert. denied*, 519 U.S. 1091, 117 S.Ct. 767, 136 L.Ed.2d 713 (1997), we held that a state regulation enacted pursuant to WVSCMRA "must be read in a manner consistent with federal regulations" promulgated under the Surface Mining Control and Reclamation Act (hereinafter "SCMRA").[4] *Id.* at 377, 475 S.E.2d 469, syl. pt. 5, in part.

Because we have not previously addressed an award of attorneys' fees involving a WVSCMRA action that is dismissed by the circuit court before judicial review is completed because a party other than the administrative agency changed its position, we find it necessary to consider the pertinent provisions of the state and federal regulations. The West Virginia Surface Mining regulations governing administrative proceedings sets forth five distinct situations in which costs and expenses may be awarded when judgment is entered:

20.12. Fees and Costs of Administrative Proceedings.

20.12.a. Request for Fees. Any person may on request be awarded by the appropriate board or court a sum equal to costs and expenses including attorneys' fees and expert witness fees as determined to have been reasonably incurred. Such request must be filed within forty-five (45) days of date of entry of judgment.

... Costs and expenses, including attorneys' fees may be awarded to:

20.12.a.1. [A]ny participating party against the violator under a finding that there is a violation of the Act, the regula-

tions or the permit has occurred, and there is a determination that the party made a significant contribution to the full and fair determination of the issues;

20.12.a.2. To any participating party other than the violator or his representative from the Division of Environmental Protection upon a determination that the party made a significant contribution to a full and fair determination of the issues;

20.12.a.3. To a violator from the Division of Environmental Protection when the violator demonstrates that the Division of Environmental Protection issues cessation order, a show cause order or notice of violation in bad faith and for the purpose of harassing or embarrassing the violator, provided that no award shall be made under this subsection if the Division of Environmental Protection prevails upon the issue of a violation;

20.12.a.4. To a violator from any participating party other than the Division of Environmental Protection where such participating parties initiated or participated in the magistrate proceeding in bad faith and for the purpose of harassing or embarrassing the violator; and

20.12.a.5. To the Division of Environmental Protection from any participating party where the Division of Environmental Protection demonstrates that any such party participating in such proceeding in bad faith and for the purpose of harassing or embarrassing the Division of Environmental Protection. An award may also include attorneys' fees and expert witness fees expended in obtaining an award of costs, expenses and attorneys' fees. Decisions on such awards may be appealed as other cases under the Act.

38 W.Va.C.S.R. 2 § 20.12.a. The federal SCMRA regulations contain comparable provisions regarding litigant eligibility for an award of costs and expenses.[5]

---

**4.** 30 U.S.C. §§ 1201 to 1338 (1995 & Supp. 2000).

**5.** 43 C.F.R Subtitle A (2000) provides, in pertinent part:

§ 4.1290 Who may file.

(a) Any person may file a petition for award of costs and expenses including attorneys' fees reasonably incurred as a result of that person's participation in any administrative proceeding under the Act which results in—

(1) A final order being issued by an administrative law judge; or

■ One of DEP's contentions on appeal is that the lower court erred by not finding Green Valley liable for all or part of the costs awarded, given the fact that Green Valley caused the resolution of the case by requesting that DEP rescind the permit. We find no support for this argument in the clear and unambiguous language of the state regulations or the companion federal regulations. Appellees in the instant case were participating parties who initiated the reviews before both the SMB and circuit court. Moreover, the only regulatory basis for assessing attorneys' fees against Green Valley is a violation of WVSCMRA, the state regulations or a permit issued thereunder. Because no violation was involved in this case, there is no authority for assessment of attorneys' fees against Green Valley. As the circuit court properly determined, the applicable provision of the state regulations for award of attorneys' fees in this case is 38 W.Va.C.S.R. 2 § 20.12.a .2. Consequently, we affirm the determination of the circuit court that Green Valley is not liable to Appellees for costs and attorneys' fees.

■ We turn next to DEP's argument that an order of dismissal that does not reflect a reversal or modification of DEP's decision, according to the standards of the Administrative Procedures Act,[6] cannot be the basis for an award of costs and expenses. This assertion is contrary to the plain language of the state regulation which simply requires that a judgment be entered before costs and expenses may be awarded. 38 W.Va.C.S.R. 2 § 20.12.a. We endorse the view expressed in *Kentucky Resources Council, Inc. v. Babbitt,* 997 F.Supp. 814 (E.D.Ky.1998), when considering the similar federal regulation,[7] that "the final order of the Board dismissing the plaintiffs' appeal does constitute a 'final order' even though it does not address the merits of the appeal." *Id.* at 818.

We conclude that the use of the general term "judgment" in the state regulations[8] includes any order that constitutes an ending of judicial participation in the matter in controversy, whether · by an agreed order of dismissal or otherwise.[9] Courts should promote, not impede, the resolution of cases by agreement. Accordingly, we hold that an otherwise appropriate award of costs and expenses, including attorneys' fees, may be made in actions brought pursuant to the West Virginia Surface Coal Mining Reclama-

(2) A final order being issued by the Board.
§ 4.1294 Who may receive an award.
Appropriate costs and expenses including attorneys' fees may be awarded—
(a) To any person from the permittee, if—
(1) The person initiates or participates in any administrative proceeding reviewing enforcement actions upon a finding that a violation of the Act, regulations, or permit has occurred, or that an imminent hazard existed, and the administrative law judge or Board determines that the person made a substantial contribution to the full and fair determination of the issues, except that a contribution of a person who did not initiate a proceeding must be separate and distinct from the contribution made by a person initiating the proceeding; or
  . . . .
(b) From OSM to any person, other than a permittee or his representative, who initiates or participates in any proceeding under the Act, and who prevails in whole or in part, achieving at least some degree of success on the merits, upon a finding that such person made a substantial contribution to a full and fair determination of the issues.
(c) To a permittee from OSM when the permittee demonstrates that OSM issued an or-

der of cessation, a notice of violation or an order to show cause why a permit should not be suspended or revoked, in bad faith and for the purpose of harassing or embarrassing the permittee; or
(d) To a permittee from any person where the permittee demonstrates that the person initiated a proceeding under section 525 of the Act or participated in such a proceeding in bad faith for the purpose of harassing or embarrassing the permittee.
(e) To OSM where it demonstrates that any person applied for review pursuant to section 525 of the Act or that any party participated in such a proceeding in bad faith and for the purpose of harassing or embarrassing the Government.

6. W.Va.Code § 29A–5–4(g).

7. 43 C.F.R. Subtitle A § 4.1290.

8. *See* 38 W.Va.C.S.R. § 20.12.

9. *See also Black's Law Dictionary* 469 (6th ed.1990) (defining "dismissal" as "[a]n order or judgment finally disposing of an action, suit, motion, etc., without trial of the issues involved").

tion Act, W. Va.Code §§ 22–3–1 to –32 (1994 & Supp.2000), upon an agreed order of dismissal of an appeal from the Surface Mine Board that has been approved and entered by the circuit court.

■ DEP's final argument is that the circuit court could not have found that Appellees made a significant contribution to a full and fair determination of the issues as long as the agency never changed its position. We examined what would permit an award of attorneys' fees under the fee-shifting provision of the West Virginia Freedom of Information Act[10] in *Daily Gazette Co., Inc. v. West Virginia Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). In that decision, we established: "[F]or a party to have been successful so as to entitle him/her to an award of attorney's fees, 'there must be some causal connection between the lawsuit and a change in the defendant's conduct[.]" ' *Id.* at 61–62, 521 S.E.2d at 553–54 (quoting *Urbaniak v. Newton*, 19 Cal.App.4th 1837, 1842, 24 Cal.Rptr.2d 333, 335 (1993)). A similar conclusion was reached pursuant to the comparable federal regulations governing fee awards in a SMCRA action before a federal court in *Kentucky Resources*. The court in *Kentucky Resources* explained that there must be a showing of a "causal nexus between the plaintiffs' actions in prosecuting the appeal ... and the corrective actions taken by ... [the administrative agency]." 997 F.Supp. at 820.

■ This Court has found, in various contexts, that meaningful appellate review of the decision of a lower court sitting without a jury may occur only when specific findings of

fact and conclusions of law are contained in the appellate record.[11] In its order awarding costs, the circuit court merely concluded that "[d]espite the protestations of DEP, Louden and Sears did in fact make a significant contribution to the outcome of the case." In its only comment on that finding, the trial court said in a footnote, "Without their [Louden and Sears] original petition to the Surface Mine Board and without their petition to this Court, Green Valley would not have requested the withdrawal of the revised permit, and DEP would not have reconsidered granting that request." While that may be so, the trial court does not explain upon what evidence it based that conclusion. After a careful review of the record, as submitted to this Court incident to this appeal, we likewise are unable to determine from that record what evidence the trial court relied upon in reaching its conclusion that Appellees "made a significant contribution to a full and fair determination of the issues." 38 W.Va.C.S.R. 2 § 20.12.1.a.[12] Mere conclusory findings of this nature are simply insufficient to permit meaningful review, especially since the record before us is devoid of evidence regarding this issue. Consequently, we hold that when a circuit court makes an award of costs and expenses pursuant to the West Virginia Surface Coal Mining Reclamation Act, W.Va.Code §§ 22–3–1 to –32 (1994 & Supp.2000), the order making such an award must contain specific findings of fact related to the standards set forth in the Act or governing regulations which provide sufficient detail to allow appellate review.

■ When the findings of fact and conclusions of law made by a lower court on an

---

10. W.Va.Code § 29B–1–7 (1992) (Repl.Vol.1998).

11. *See, e.g., State ex rel. Garden State Newspapers, Inc. v. Hoke*, 205 W.Va. 611, 520 S.E.2d 186 (1999) (decision to close proceedings or seal records and documents); *Fayette County Nat'l Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) (summary judgment); *P.T.P. v. Board of Educ. of Jefferson County*, 200 W.Va. 61, 488 S.E.2d 61 (1997) (dismissal pursuant to W.Va. R. Civ. P. 12(b)); *State v. Clark*, 171 W.Va. 74, 297 S.E.2d 849 (1982) (voluntariness of confession); *Commonwealth Tire Co. v. Tri–State Tire Co.*, 156

W.Va. 351, 193 S.E.2d 544 (1972) (W.Va. R. Civ. P. 52(a)).

12. In its brief to this Court, Green Valley states it "made a business decision to relinquish its permit because the operation would not be economical in light of the conditions imposed by the Surface Mine Board." Those conditions were apparently imposed after Appellants raised their objections. However, it does not appear from the record before us that this information was before the circuit court at the time of its decision to award costs, including attorneys' fees.

issue tried by the Court without a jury are insufficient for appellate review and the record is inadequate to support the circuit court's determinations, this Court may remand the matter to the lower court for that court to state or amplify its findings, in recognition of the deference this Court customarily gives to decisions of the circuit courts which are committed by our law to their discretion.[13] Because the court below found entitlement to relief and this Court cannot be certain that it has before it all factors relied upon by the lower court, we choose the more deferential course. Accordingly, we reverse the determination of the circuit court that the award of costs, including attorneys' fees, is appropriate in this case, for lack of findings sufficient to permit meaningful appellate review, and remand this matter to the circuit court with direction to make such findings, with appropriate conclusions of law, as may support its decision to award costs, including attorneys' fees, or deny the motion therefor.

Accordingly, we affirm in part, reverse in part, and remand this matter with directions that the circuit court make such findings of fact and conclusions of law as may fully demonstrate Appellees' entitlement to costs, including attorneys' fees, or enter an order denying the motion therefor, as justice may require.

Affirmed in part, reversed in part, and remanded with directions.

---

**13.** Syl. Pt. 2, *South Side Lumber Co. v. Stone Construction Co.,* 151 W.Va. 439, 152 S.E.2d 721 (1967).