590 S.E.2d 660

**MARTINKA COAL COMPANY,**
Appellant Below, Appellee,

v.

**THE WEST VIRGINIA DIVISION OF ENVIRONMENTAL PROTECTION,**
Appellee Below, Appellee,

and

**Brenda and Ralph Vincent, Intervenors Below, Appellants.**

No. 31323.

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 28, 2003.

Decided Nov. 24, 2003.

**468**

Patrick C. McGinley, Suzanne M. Weise, Morgantown, West Virginia, Attorneys for the Appellants.

W. Henry Lawrence, Janna M. Nuzum, Steptoe & Johnson, Clarksburg, West Virginia, Attorneys for the Appellee, Martinka Coal Company.

ALBRIGHT, Justice:

Ralph and Brenda Vincent appeal from the September 27, 2002, final order of the Circuit Court of Marion County, wherein the lower court determined that the regulations promulgated pursuant to the West Virginia Surface Coal Mining and Reclamation Act

1. The violation involved acid mine drainage.

2. See W.Va.Code § 22B–1–9 (1994) (Repl.Vol. 2002) (general provision governing judicial review of decisions of environmental boards).

(hereinafter referred to as "SCMRA") do not permit the additional recovery of reasonable attorneys' fees for time expended in successfully litigating the administrative appeal of an award of attorney and expert witness fees. Based upon a full review of the arguments and briefs of counsel, the record certified to this Court and relevant law, we reverse the order and remand the case.

## I. Factual and Procedural Background

The matter before us has its roots in a notice of violation of SCMRA[1] issued by the West Virginia Department of Environmental Protection (hereinafter referred to as "DEP") on January 4, 1999, against the appellant below and appellee herein, Martinka Coal Co. (hereinafter referred to as "Martinka"). When Martinka appealed the violation to the West Virginia Surface Mine Board (hereinafter referred to as "SMB"), the Vincents moved to intervene and were granted full party status by the SMB. By order dated July 28, 1999, the SMB affirmed the action of DEP against Martinka. Being on the prevailing side, the Vincents then petitioned the SMB for award of costs, attorneys' fees and expert witness fees. In addition to concluding that the Vincents had "significantly contributed to the full and fair determination of the issues" in the contested case, the SMB's January 19, 2000, order awarded a portion of the costs and fees the Vincents had requested. Martinka appealed the SMB's decision to the circuit court,[2] both on the merits as well as the award of fees and costs. In an order entered on August 6, 2001, the circuit court upheld the SMB decision, including the award of attorneys' fees, expert witness fees and costs.

Having prevailed in the appeal, the Vincents filed a petition on September 18, 2001, seeking award of additional fees and costs associated with the time expended opposing reversal of SMB's fee decision in the circuit court.[3] A hearing on the petition was held by the lower court on November 27, 2001.

3. The Vincents also sought fees for their participation in Martinka's appeal of the merits of SMB's order. The petitions were handled separately by the court below and no ruling has been rendered on the fee petition involving the merits.

By order dated as entered September 27, 2002,[4] the lower court denied the request for additional attorneys' fees primarily because "Title 38, Section 2–20–12.a. [of the Code of State Rules] does not expressly state that attorney fees can be recovered on an appeal of an award of attorney fees." Thereafter, the Vincents timely filed a petition for appeal of the final order with this Court which was granted on May 14, 2003.

## II. Standard of Review

■■■ At issue in this appeal is the correctness of the circuit court's interpretation and application of an administrative agency regulation. In such cases, our standard of review is clear: "On appeal of an administrative order from a circuit court, this Court … reviews questions of law presented *de novo* … . " Syl. Pt. 1, in part, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996). Additionally, we held in syllabus point one of *Appalachian Power Co. v. State Tax Dept.,* 195 W.Va. 573, 466 S.E.2d 424 (1995), that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." With this standard before us, we proceed with our examination.

## III. Discussion

■■■ The sole and narrow issue before us is whether SCMRA regulations permit recovery of additional attorneys' fees for the time expended during a circuit court appeal in successfully defending a SMB award of fees and costs. Martinka contends the lower court is correct in ruling that such additional fees are not available due to the long-standing policy in this country, known as the American Rule, which adheres to the general practice of each party bearing its own litigation costs. However, there are exceptions to this general rule when authority to award attorneys' fees is expressly provided by rule of court, statutory grant or contractual provision. *Sally–Mike Props. v. Yokum,* 179 W.Va. 48, 50, 365 S.E.2d 246, 248 (1986). Such express statutory authority, applicable to the case sub judice, is in West Virginia

Code § 22–3–25(d) (1994) (Repl.Vol.2002), which states in relevant part:

> The *court* in issuing *any final order* in *any action* brought pursuant to subsection (a) of this section may award costs of litigation, including reasonable attorney and expert witness fees, to any party whenever the court determines such award is appropriate.

*Id.* (emphasis added). The referenced subsection (a) includes actions against any "person who is alleged to be in violation of any rule, order or permit issued pursuant to this article." W.Va.Code § 22–3–25(a). We previously recognized in *Louden v. Division of Environmental Protection,* 209 W.Va. 689, 551 S.E.2d 25 (2001), that the standards for implementing the statutorily authorized award of fees and costs in administrative appeals in SCMRA cases are found in the Surface Mining Reclamation Legislative Rules, Title 38, Series 2, Section 20.12 of the West Virginia Code of State Rules. 209 W.Va. at 692, 551 S.E.2d at 28. The portions of the rule relevant to the instant case read as follows:

> 20.12. Fees and Costs of Administrative Proceedings
>
> 20.12.a. Request for Fees. Any person may on request be awarded by the appropriate board or court a sum equal to costs and expenses including attorneys' fees and expert witness fees as determined to have been reasonably incurred. Such request must be filed within forty-five (45) days of date of entry of judgment.
>
> … Costs and expenses, including attorneys' fees may be awarded to:
>
> 20.12.a.1. Any participating party against the violator under a finding that there is a violation of the Act, the regulations or the permit has occurred, and there is a determination that the party made a significant contribution to the full and fair determination of the issues … .[5]

38 W.Va.C.S.R. 2.

Martinka maintains that Section 20.12.a. of the regulation does not provide for award of

---

4. No reason was provided regarding the delay in entering the order.

5. The Vincents' reliance on section 20.12.a.5. of the regulation which states that an award "may also include attorneys' fees and expert witness

additional attorneys' fees for time expended in subsequent litigation in the courts because the rule is silent with regard to appeals as well as additional fees for further litigation. This argument not only fails to recognize this Court's decision in *Louden,* but it also overlooks our apt discussion of such silence in *Orndorff v. West Virginia Department of Health,* 165 W.Va. 1, 267 S.E.2d 430 (1980). In *Orndorff* this Court was confronted with the question of whether a statutory provision for reasonable attorneys' fees included recovery for legal services provided on a successful appeal from an administrative agency determination. On this issue we observed:

> In most instances, the statutory entitlement to recover reasonable attorney fees is silent as to the levels of litigation to which the provision is applicable. Most courts, however, have had no difficulty in construing the statute to permit recovery of attorney fees for services on appeal. Fee recovery has been extended, furthermore, to include the time spent in attempting to obtain the reasonable attorney fees warranted by the particular statute, as stated in *Weisenberger v. Huecker,* 593 F.2d 49, 54 (6th Cir.1979), *cert. denied,* 444 U.S. 880, 100 S.Ct. 170, 62 L.Ed.2d 110 ....
>
> The premise underlying the extension of attorney fees to services rendered on appeal is that the client's right is often not ultimately vindicated until an appeal has been taken, and much of the attorney's incentive to prevail will be dissipated if he is compelled to prepare and prosecute an appeal without obtaining reasonable compensation. A secondary premise is the concern that a meritorious claim may be frustrated when the opposing party takes an appeal, and the party who should prevail abandons or compromises his claim because of the attrition of costs attendant to the appeal process.

*Id.* at 6–7, 267 S.E.2d at 433 (citations omitted).

We find this latter reason particularly apposite to the present situation. In enacting SCMRA, the Legislature expressed its intent to assure "that the rights of surface and mineral owners and other persons with legal interest in the land or appurtenances to land are adequately protected from [surface-mining] operations;" ... and "that adequate procedures are provided for public participation where appropriate under this article[.]" W.Va.Code § 22–3–2(b) (1994) (Repl.Vol. 2002). The Legislature further provided that the statute serve to allow "the exercise of the full reach of state common law, statutory and constitutional powers for the protection of the public interest through effective control of surface-mining operations." *Id.* To carry out these purposes, the Legislature vested authority with the DEP to promulgate the rules we now have under consideration.

Citizens with a legal interest in property, such as the Vincents, can only realize the full benefit of protection the Legislature intended if they are permitted not only to assert their rights and interests before the SMB but also to defend SMB's award or decision in their favor when it is challenged by appeal to the courts. West Virginia Code § 22–3–25 and associated regulations clearly contemplate such result. To deny compensation for reasonable attorneys' fees through the appeal process, including appeals to this Court, would no doubt reduce a citizen's ability to obtain effective representation to preserve their legal interests. In turn, denying such fees would likely prove to be an incentive for losing parties to pursue appeals because of the likelihood that the prevailing party before the SMB would not have legal representation on appeal. As to compensation for the legal work completed by attorneys during an appeal of an SMB order, we see no reason to treat an award of attorneys' fees differently from an award on the merits, especially since the work is oftentimes intertwined. Therefore, we conclude that the award of reasonable attorneys' fees, available through the express authority of West Virginia Code § 22–3–25 (1994) and subject to the terms and conditions of the West Virginia Surface Mining Reclamation Legislative Rule, includes legal services provided to a party liti-

---

fees expended in obtaining an award of costs, expense and attorneys' fees" is misplaced. This portion of the regulation expressly applies to awards of costs and fees only to DEP from any participating party.

gant on a successful appeal of an order of the SMB. By so holding, we make no distinction as to whether the appeal to the circuit court contests the SMB's decision regarding the merits of the case or the award of costs, attorneys' fees or expert witness fees.

We appreciate the lower court's concern "that an award for attorney fees in this case may set a precedent that could result in an endless cycle of litigation whereby attorneys continue to request fees for time expended in recovering fees." Nonetheless, this policy determination has been resolved by the Legislature. We note as well that such outcome has not been realized in other situations where statutes require or permit a court to order one party to pay the reasonable attorney fees of another party, such as in domestic relations cases. *See* W.Va.Code 48–1–305 (2001). Additionally, contrary to the Vincents' contention that the award of fees is mandatory, the right to obtain reasonable attorneys' fees for legal work performed to preserve a SMB award of attorneys' fees is not automatic or unlimited under the provisions of the regulation. It is only when a participating party prevails and a court finds that the party seeking the award "made a significant contribution to the full and fair determination of the issues" on appeal that an award of costs and fees, including attorneys' fees, against a violator may be made. 38 W.Va.C.S.R. 2 § 20.12.a.1. Furthermore, the amount of the award is limited to what the court determines is reasonably incurred. 38 W.Va.C.S.R. 2 § 20.12.a.

Accordingly, the September 27, 2002, final order of the Circuit Court of Marion County is reversed. The case is remanded for determination of eligibility and, as appropriate, award of reasonable attorneys' fees, including attorneys' fees attendant to this appeal.

Reversed and remanded.