Filed 6/22/21  Timlick v. National Enterprise Systems CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA ARLENE TIMLICK,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>NATIONAL ENTERPRISE<br>SYSTEMS, INC.,<br><br>　　　Defendant and Appellant. | A160110<br><br>(Lake County<br>Super. Ct. No. CV-416920) |

　　　This is a putative class action by Lisa Arlene Timlick against National Enterprise Systems, Inc. (NES), for violating the minimum type-size requirements in its consumer collection letters (Civ. Code,[1] §§ 1812.700–1812.702).  In a prior appeal, we held that debt collectors may utilize the procedures under the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act; § 1788 et seq.) to cure their type-size violations.  (*Timlick v. National Enterprise Systems, Inc.* (2019) 35 Cal.App.5th 674, 678 (*Timlick*).)  We further held that while NES demonstrated it had cured its violation as to Timlick, summary judgment in favor of NES was improper, as the trial court's dismissal of the entire putative class action allowed NES to

---

[1] Unless stated otherwise, further section references are to the Civil Code.

1

wrongfully "pick off" the named plaintiff in order to avoid a class action. (*Id.* at p. 690.)

The instant appeal arises from a discovery motion by Timlick that was pending at the time NES obtained summary judgment. The discovery motion was declared moot by the trial court after summary judgment, renewed by Timlick after remand, and ultimately granted in substantial part, along with an award of $8,400 in monetary sanctions against NES.

On appeal, NES argues that the renewed discovery motion was untimely under the 45-day deadline to compel further responses to discovery, and thus the trial court lacked jurisdiction to do anything but deny it. We disagree. After *Timlick*, the parties were returned to the same positions they would have been in had the summary judgment motion been defeated in the first instance. As such, the trial court had jurisdiction to hear and grant the renewed discovery motion. We further conclude the award of monetary sanctions was not an abuse of discretion. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Timlick filed a class action complaint alleging that NES had sent her a debt collection letter that was not printed in the minimum type-size required by section 1812.701, subdivision (b). (*Timlick, supra*, 35 Cal.App.5th at p. 679.) Timlick sought to represent a class of persons in California who received an initial written communication from NES in an attempt to collect on a consumer debt during the one-year period prior to the complaint's filing date. (*Ibid.*)

In August 2017, Timlick propounded written discovery requests on NES, including form and special interrogatories, requests for admissions, and requests for production of documents. NES served its responses to Timlick's discovery in September 2017. During the meet and confer process, NES

2

agreed to extend the deadline for Timlick to move to compel further responses to December 1, 2017.

Meanwhile, in November 2017, NES moved for summary judgment on the basis that it had timely cured Timlick's alleged type-size violation pursuant to section 1788.30, subdivision (d) under the Rosenthal Act. (*Timlick, supra*, 35 Cal.App.5th at p. 679.)

On December 1, 2017, Timlick filed a motion to compel NES to provide further responses to Timlick's written discovery. She requested monetary sanctions against NES in the amount of $8,470, based on 21.2 hours of legal work at her counsel's stated hourly rate of $350. The hearing on the motion, originally set for early January 2018, was eventually continued by stipulation to March 12, 2018.

In February 2018, the trial court granted NES's motion for summary judgment. Before judgment was entered, however, the hearing on Timlick's discovery motion went forward on March 12, 2018. Timlick's counsel did not attend, but NES's counsel appeared. The minute order of the March 12 hearing states, in relevant part: "The Court indicates a motion for summary judgment was granted on 2/8/18 and defendant's attorney was to prepare and submit a form or order. [¶] . . . [¶] The motion to compel is moot and it is dropped without prejudice."

In April 2018, the trial court entered judgment in favor of NES and Timlick appealed. In *Timlick*, we held the procedure for curing violations of the Rosenthal Act set forth in section 1788.30, subdivision (d) is available to debt collectors to correct curable violations of the minimum type-size requirement for consumer debt collection letters. (*Timlick, supra*, 35 Cal.App.4th at pp. 678, 680–685.) However, despite NES's act of curing its type-size violation as to Timlick, we reversed the summary judgment in favor

3

of NES and remanded, concluding the trial court erred in dismissing the entire action without first affording Timlick the opportunity to amend her complaint, redefine the putative class, or locate a suitable class representative. (*Id.* at p. 690.)

After remand, Timlick filed a written application in the trial court to reset the hearing on her discovery motion, which the court granted. NES opposed the renewed discovery motion, arguing that *Timlick* rendered the original discovery requests moot and that the discovery was premature until Timlick amended her complaint, redefined the putative class, located a suitable class representative, and obtained class certification. Timlick filed reply papers addressing NES's opposition arguments and seeking additional monetary sanctions. In total, Timlick sought $11,115 in monetary sanctions, based on 24.7 hours of legal work at her counsel's then-current hourly rate of $450.

The trial court granted the discovery motion in substantial part. In overruling NES's objections, the court noted: "Although the discovery requests were served prior to the disposition of the individual claim of Timlick, the discovery requests bearing on the nature of her claim are also within [the] proper scope of discovery as to the alleged putative class members['] improper type size claim."

The trial court also addressed the privacy interests of both NES and the putative class: "[T]he argument of [NES], given the general privacy protections afforded this type of information and records requires consideration regarding the timing of an order for compliance under the present circumstances of the case. The Court of Appeal determined the pick off exception applied to this case on the cure by [NES] of the defective collection notice sent to Timlick. [Citation.] Timlick now has the opportunity

to locate a suitable class representative or otherwise amend the complaint and redefine the putative class.  By this order, Timlick will have discovery as to the identification of putative class members, putative class claims, potential proper class representatives and discovery on alleged pattern and practices of violations of the statute by [NES].  In the application of the balancing process, an order to provide the requested financial information discovery is properly stayed and suspended pending the action of Timlick on the class action case."

The trial court awarded monetary sanctions to Timlick in the amount of $8,400 based on her counsel's hourly rate "at the time of the filing of the motion" ($350/hour) and "24 hours invested in the motion proceeding."

NES appealed.  (Code Civ. Proc., § 904.1, subd. (a)(12) [sanctions order in excess of $5,000 appealable].)

DISCUSSION

**A. Timeliness of Motion**

A motion to compel further responses to written discovery is untimely if it is not filed within 45 days of the service of the verified response, any supplemental verified response, or any specific later date to which the parties have agreed in writing.  (Code Civ. Proc., §§ 2030.300, subd. (c), 2031.310, subd. (c), 2033.290, subd. (c).)  Failure to bring the motion within the 45-day deadline or the agreed-upon extended deadline "renders the court without authority to rule on motions to compel other than to deny them."  (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410.)

There appears to be no dispute that Timlick's discovery motion was timely filed in December 2017 based on the parties' agreement to extend the deadline.  The dispute concerns the effect of *Timlick*'s reversal of the

5

summary judgment on the timeliness of the discovery motion once it was renewed after remand.

We first reject NES's contention that the trial court affirmatively "denied" the discovery motion at the March 12 hearing.  The minute order indicates the court determined the motion was "moot" in light of the earlier summary judgment ruling.  Mootness is defined in terms of the court's loss of ability to grant effective relief due to a change in the law or in the material circumstances of the case.  (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574; *Breux v. Agric. Labor Relations Bd.* (1990) 217 Cal.App.3d 730, 743.)  In other words, the trial court determined that a change in the circumstances of the case removed the occasion for the court to grant Timlick relief on her discovery motion.  Furthermore, by stating the motion was "dropped without prejudice," the court contemplated that the motion could be revisited.  By all indications, the court exercised its discretion under rule 3.1304(d) of the California Rules of Court to "take the matter off calendar, to be reset only upon motion."

Relying on *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233 and *Nave v. Taggert* (1995) 34 Cal.App.4th 1173, NES argues that even if the discovery motion remained technically pending after the March 12 hearing, it was denied by operation of law when judgment was entered in NES's favor.  But this analysis is incomplete, as neither of the cases cited by NES involved the reversal of a judgment.  As Timlick points out, the general rule is that an unqualified reversal after trial remands the cause for a new trial and places the parties in the same position as if the cause had never been tried, with the exception that the opinion of the appellate court must be followed so far as applicable.  (*Hall v. Superior Court* (1955) 45 Cal.2d 377, 381.)  "This principle is equally applicable to a partial reversal of a judgment."  (*Ibid.*)

6

More to the point here, the "[r]eversal of a summary judgment leaves the parties ' "in a position no different from that they would have occupied if they had simply defeated the defendants' motion . . . in the trial court." ' " (*Urbaniak v. Newton* (1993) 19 Cal.App.4th 1837, 1844.) Applying this principle to the facts before us, the timeliness of Timlick's renewed discovery motion becomes readily apparent. Had Timlick defeated NES's summary judgment motion in the trial court in February 2018, the March 12 hearing on Timlick's discovery motion would have proceeded quite differently: Timlick's counsel likely would have appeared to argue the motion; there would have been no reason to deem the motion moot; and the trial court would have proceeded to rule, presumably in the same way it did after remand from *Timlick*. NES's original opposition papers are not in the record, and there is no indication that NES challenged the timeliness of the original discovery motion; thus, the trial court's jurisdiction to hear and grant the motion would not have been in dispute. It is precisely this alternate scenario that we effectuate in returning the parties to their appropriate positions after *Timlick*. (See *Urbaniak*, at p. 1844.)

NES argues nonetheless that the parties cannot return to their previous positions because "[t]he final judgment as to Timlick is still in full force and effect." It is true that *Timlick*'s holding on the curability issue— which is now the law of the case and must be adhered to throughout subsequent proceedings (*Kowis v. Howard* (1992) 3 Cal.4th 888, 893–894)— was adverse to Timlick's individual claim and ability to represent the class. It does not follow, however, that this circumstance deprived the trial court of jurisdiction to grant the renewed discovery motion.

Contrary to NES's newly raised contention at oral argument, the trial court did not lose subject matter jurisdiction to order precertification

7

discovery after what NES characterizes as Timlick's loss of standing as class representative.[2]  Even in a "headless" class action where the lead plaintiff becomes unqualified to serve as a class representative, he or she may still, "in a proper case, move for precertification discovery for the purpose of identifying a new class representative." (*Safeco Ins. Co. of America v. Superior Court* (2009) 173 Cal.App.4th 814, 828.)  Before allowing precertification discovery, however, the trial court must apply a balancing test, weighing the actual or potential abuses of the class action procedure against the potential benefits that might be gained.  (*Parris v. Superior Court* (2003) 109 Cal.App.4th 285, 300–301 (*Parris*).)  As recounted above, it reasonably appears the trial court engaged in the *Parris* weighing test and concluded that Timlick's precertification discovery—with the sole exception of NES's financial information and documents—was appropriate.[3]  Notably, NES makes no contention on appeal that the trial court erred in its balancing analysis or in concluding that the discovery requests bearing on Timlick's individual claim were also within the proper scope of discovery as to the alleged putative class.

---

[2] At oral argument, NES requested permission to provide supplemental briefing on its "subject matter jurisdiction" argument, despite the lack of previous notice to opposing counsel and the court.  We decline to allow further briefing, noting the absence of good cause for the request and the lack of merit in NES's citation of *Saffer v. JP Morgan Chase Bank, N.A.* (2014) 225 Cal.App.4th 1239 for the proposition that the trial court lacked subject matter jurisdiction to enter its precertification discovery order.

[3] We are unpersuaded by NES's suggestion at oral argument that the trial court did not engage in the *Parris* weighing test.  Not only did NES explicitly argue in opposition to the renewed discovery motion that the court must engage in "[t]he so-called '*Parris* balancing test,' " but also the court's order, fairly read, indicated the court had considered "[t]he argument of [NES]" in its "application of the balancing process" before ordering that Timlick was entitled to certain precertification discovery.

In sum, had the trial court denied summary judgment in the first instance, it would have retained the discretion to order precertification discovery, notwithstanding any adverse rulings as to Timlick individually. Accordingly, after remand from *Timlick*, we return the parties to this very position and conclude the trial court did not err in granting Timlick's renewed discovery motion.

**B. Monetary Sanctions**

NES alternatively contends the trial court abused its discretion in imposing monetary sanctions. We are not persuaded.

The trial court "shall" impose a monetary sanction against any party who unsuccessfully opposes a motion to compel a further response to interrogatories, inspection demands, or requests for admission, unless the court finds that the responding party acted with substantial justification or that other circumstances make the imposition of the sanction unjust. (Code Civ. Proc., §§ 2030.300, subd. (d), 2031.310, subd. (h), 2033.290, subd. (d).) "[T]he phrase 'substantial justification' has been understood to mean that a justification is clearly reasonable because it is well-grounded in both law and fact." (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1434.) We review the trial court's imposition of discovery sanctions for abuse of discretion, subject to reversal only for manifest abuse exceeding the bounds of reason. (*Kuhns v. State of California* (1992) 8 Cal.App.4th 982, 988.)

NES argues it was substantially justified in opposing the renewed discovery motion because numerous appellate courts have held that precertification discovery is not a matter of right, especially in "headless" class actions. However, the circumstance that precertification discovery might be denied in an appropriate case does not demonstrate that NES's

9

opposition here was well grounded in law and fact, particularly as NES does not challenge the trial court's balancing analysis.

NES's reliance on *First American Title Ins. Co. v. Superior Court* (2007) 146 Cal.App.4th 1564 is unavailing. There, the appellate court reversed the grant of precertification discovery to the plaintiff after concluding that the potential for abuse of the class action procedure was "overwhelming" because the plaintiff was "not a member of the class and never has been; he has no cognizable interest in seeing this class action proceed." (*Id.* at p. 1577.) Timlick is not similarly situated to the plaintiff in *First American*, however, as she lost her class representative status due to a "pick off" situation involving a novel legal question in the California courts on the curability of type-size violations. Thus, *First American* does nothing to demonstrate that NES's opposition to the renewed discovery motion here was well grounded in law and fact.

NES further contends it was substantially justified in opposing discovery of its financial information and records, as demonstrated by its victory on this particular point. However, the financial discovery represented a small fraction of the total discovery in dispute and therefore failed to substantially justify NES's broader opposition to the motion. Furthermore, it appears the trial court reasonably reduced the sanctions award to account for NES's partial success.[4]

---

[4] NES compares the amount of sanctions requested in the moving papers ($8,470) to the amount awarded ($8,400) to conclude the trial court gave Timlick "virtually everything she asked for in sanctions without even considering" NES's partial success. This is incorrect. Timlick's total request for monetary sanctions was $11,115 based on 24.7 hours of legal work at $450 per hour. The trial court calculated its award using counsel's 2017 hourly rate of $350, and 0.7 hours less than the total time expended. Thus, we may

10

**DISPOSITION**

The order granting Timlick's motion to compel further responses and imposing monetary sanctions on NES is affirmed.  Timlick is entitled to her costs on appeal.

---

infer the trial court reasonably reduced the sanctions award by $245 ($350 x 0.7) to account for NES's partial success on the financial discovery issue.

_____
Fujisaki, Acting P. J.

WE CONCUR:


_____
Jackson, J.


_____
Wiseman, J.*

A160110/*Timlick v. National Enterprise Systems, Inc.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.