# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GARY BATTEN,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-359**   (Cir. Ct. Braxton Cnty. Case No. CC-04-2019-C-32)

**SCOTT COOPER and MARJORIE J. COOPER,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Gary Batten appeals the July 10, 2023, order of the Circuit Court of Braxton County following a bench trial in which the circuit court granted Respondents Scott and Marjorie Cooper ("the Coopers") a prescriptive easement across Mr. Batten's property. The Coopers filed a response.[1] Mr. Batten filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the circuit court's decision is vacated and remanded for further proceedings consistent with this decision.

Mr. Batten and the Coopers are the owners of adjoining property located in Braxton County, West Virginia. The Coopers purchased their property from John and Patricia Ridpath ("the Ridpaths") by deed dated May 6, 2005, and the Ridpaths received their property by deed dated January 29, 1990. Mr. Batten received full ownership of his property from Pamela Batten and Ronnie Batten, his brother, by deed dated July 11, 2013. Prior to this date, Mr. Batten owned a partial interest in the property for an unknown period. Based on the record, it appears Mr. Batten did not reside on this property.

This case concerns a portion of Mr. Batten's property where a driveway used by both the Ridpaths and Coopers is located. When the Ridpaths purchased the property in 1990, their home could not be accessed from the road due to a steep incline. The Ridpaths

---

[1] Mr. Batten is represented by Michael D. Dunham, Esq. The Coopers are represented by Shannon R. Thomas, Esq.

1

parked their cars on the road and walked up stairs to access their home. Mr. Batten alleges the Ridpaths approached him with the idea of constructing a driveway across his property to their house. He agreed and a driveway was then constructed leading from the main road across a portion of Mr. Batten's property to the Ridpaths' home. This driveway was used by the Ridpaths until they sold the property to the Coopers.

Although the driveway remained in the same location after the sale of the Ridpaths' property to the Coopers, it is undisputed that Mr. Batten did not give the Coopers express permission to use the driveway. Mr. Cooper spoke with Mr. Batten for the first time in 2019 when the parties got in a dispute regarding the property lines. Prior to this disagreement, Mr. Batten had never told the Coopers not to use the property nor had he taken any actions to stop their use. Following this dispute, Mr. Batten had the property surveyed in July of 2019 and placed boundary rods. The Coopers sent a letter to Mr. Batten advising him of their claim to the property and allege Mr. Batten then began destroying the driveway. The Coopers obtained an injunction prohibiting further destruction. On October 9, 2019, the Coopers filed their complaint seeking ownership of the driveway through either adverse possession or a prescriptive easement.

On July 8, 2021, the circuit court held a bench trial and heard testimony from Mr. Batten, the Coopers, and Patricia Ridpath. Mr. Batten testified that he did not give permission to the Coopers to use this driveway, and Mr. Cooper admitted that he was aware some portion of the driveway was not located on his property. The parties also stipulated to various factual findings and exhibits. On July 10, 2023, the circuit court entered its final order and summarily held that the Coopers established they "openly, notoriously, without permission, used the disputed roadway and real property continuously" since 2005. It further held that Mr. Batten was aware of this use and took no action to prevent the Coopers from using the driveway. The circuit court found that the Coopers had acquired a prescriptive easement of a twenty-three-foot right-of-way via adverse possession. It also held that this easement is not exclusive, and Mr. Batten is permitted to use it as well. However, it is unclear from the order how the circuit court arrived at these findings and conclusions. It is from this order that Mr. Batten now appeals.

Generally, we review an order entered after a bench trial pursuant to the standards set forth by the Supreme Court of Appeals of West Virginia in Syllabus Point 1 of *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont,* 198 W. Va. 329, 480 S.E.2d 538 (1996). However, such standards contemplate sufficient findings of fact and conclusions of law to facilitate a meaningful review. Our Supreme Court of Appeals has stated:

> "This Court has found, in various contexts, that meaningful appellate review of the decision of a lower court sitting without a jury may occur only when specific findings of fact and conclusions of law are contained in the appellate record." *Louden v. West Virginia Division of Environmental Protection*, 209 W.Va. 689, 694, 551 S.E.2d 25, 30 (2001). Without findings of fact and

2

conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010). *See also* Rule 52(a) of the Rules of Civil Procedure ("In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon[.]").

On appeal, Mr. Batten asserts three assignments of error. First, he argues the circuit court erred in determining the Coopers obtained the prescriptive easement through adverse possession because their use of the property was not hostile. Second, Mr. Batten argues the circuit court erred in granting the prescriptive easement because permission could be inferred through the neighborly relations between the parties. Finally, he argues the circuit court did not precisely identify the location of this easement.

Here, the circuit court's order neither provides any conclusions of law nor makes sufficient findings of fact to support its judgment. The court did not provide an analysis of how the Coopers met their evidentiary burden of proving they obtained a prescriptive easement through adverse possession. Further, the order fails to make any credibility determinations related to the witnesses at trial. Specifically, the order does not make any factual findings related to Mr. Batten's testimony that he gave permission to the Ridpaths to use the property at issue. In their briefing here, the parties dispute whether Mr. Batten was a credible witness, and the Coopers argue his testimony was not enough to prove he permitted the Ridpaths to use the property at issue. The determination of when or if Mr. Batten gave permission and to whom is central to the issues in this case, and the circuit court did not make clear findings of fact to assist this Court in resolving these disputes. Therefore, we remand the matter to the circuit court with directions to address these issues through the entry of an amended order that contains sufficient findings of fact and conclusions of law to permit meaningful appellate review, including the taking of additional evidence, if necessary.

Accordingly, the July 10, 2023, order is vacated, and the case is remanded to the circuit court for further proceedings consistent with this decision.

Vacated and Remanded for further proceedings.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

3

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear